■ EDWARD J. BROPHY, Appellant, v VINCENT GENEROSO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Shaw, J.), entered March 24, 1987, as dismissed his second cause of action for legal insufficiency.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, a fireman, allegedly injured his back while extinguishing a fire in the defendants' vacant building on October 8, 1982. The complaint alleged, in the first cause of action, that the plaintiff "was injured while fighting a fire" at the subject premises, and was based on alleged common-law negligence by the owners. The third cause of action alleged that the "defendants' wanton, willful and reckless conduct, exhibiting a total disregard for human life and safety", caused the plaintiff's injury, and it requested punitive damages. The second cause of action sought recovery under General Municipal Law § 205-a for unspecified statutory violations.

General Municipal Law § 205-a confers a cause of action upon firemen injured by the failure of a person to comply with the requirements of statutes, ordinances, rules, orders and requirements of the Federal, State, county or local governments or any of the departments, divisions and bureaus thereof, thus creating "hazards additional to those that firefighters already face in their profession" *(Kenavan v City of New York,* 70 NY2d 558, 567).

Prior to the time this case proceeded to trial, the plaintiff never identified any statutes, ordinances, rules, orders and/or

regulations allegedly violated by the defendants. Nor did the plaintiff do so when requested by the court at the time of the trial. After the jury was sworn, the defendants made a motion to dismiss the second cause of action for legal insufficiency. Initially, the Trial Judge granted the motion to dismiss the statutory cause of action, without prejudice to the plaintiff to replead. However, because the plaintiff's attorney opted to proceed with the trial of the remaining causes of action, the second cause of action was dismissed, with prejudice. At the conclusion of the plaintiff's case, the remaining causes of action in the complaint were dismissed on the ground that the plaintiff had failed to establish a prima facie case.

The plaintiff limits this appeal to the question of whether the second cause of action was legally sufficient. We adhere to the view that "a complaint in a special action based on said section 205-a must specify or identify the statutes, ordinances, rules, orders or requirements with which the defendant neglected or failed to comply; the manner in which the injuries or death complained of occurred; together with such ultimate facts as may be necessary in order that it may appear or be inferred that said neglect or failure directly or indirectly caused the injuries or death" *(Cramer v Nuccitelli,* 2 Misc 2d 508, 510). Neither the complaint nor the bill of particulars here satisfies those requirements; nor does the record before us show that the defendants created any "hazards additional to those that [the] firefighters already face[d] in their profession" *(Kenavan v City of New York, supra,* at 567). Accordingly, the dismissal of the second cause of action was proper. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.