■ STEVEN HOEY, Respondent, v JOHN J. KUCHLER et al., Appellants. [619 NYS2d 50] —In a negligence action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered May 14, 1993, as, upon reargument, adhered to its prior determination made in an order entered January 15, 1993, denying their motion for summary judgment dismissing the complaint.

Ordered that the order entered May 14, 1993, is reversed insofar as appealed from, on the law, with costs, the provision of the order entered January 15, 1993, denying the appellants' motion for summary judgment is vacated, and, upon reargu-

ment, the appellants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff, a sergeant with the Westchester County Police Narcotics Unit, was acting as a supervisor in a "buy and bust operation" at the time of the accident. The plaintiff observed the defendant John Kuchler break free from arresting officers and enter a motor vehicle, as the police officers attempted to arrest him for the sale of a controlled substance. The plaintiff observed one of his officers reach into the defendant's car and attempt to turn off the ignition, when suddenly a "loud bang" was heard and the car's window shattered. As the plaintiff moved towards the scene to aid the injured officer, the defendant struck him with his motor vehicle while attempting to flee. The defendants made a motion for summary judgment dismissing the complaint on the ground, *inter alia,* that the plaintiff's common-law negligence action was barred by the so-called "fireman's rule" *(see, Santangelo v State of New York,* 71 NY2d 393). The court denied that motion finding that triable issues of fact exist.

We find that the Supreme Court erred by denying the defendants' motion for summary judgment. The plaintiff's action is barred by the fireman's rule, since the plaintiff's injuries arose out of a particular danger which police officers are expected to assume as part of their duties, notwithstanding the fact that there was no connection between the defendant's negligence and the incident which gave rise to the plaintiff's duty to perform police functions *(see, Cooper v City of New York,* 81 NY2d 584, 590-591; *Cottone v City of New York,* 206 AD2d 345; *Ruocco v New York City Tr. Auth.,* 204 AD2d 72).

We note that insofar as the plaintiff now seeks to assert a claim based on General Municipal Law § 205-e, this cause of action was neither pleaded in the complaint nor amplified in the bill of particulars, and therefore is not reviewable on appeal. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.