■ Bruce G. Johnson et al., Respondents, v Senley Jack et al., Defendants and Third-Party Plaintiffs-Appellants. City of Albany, Third-Party Defendant-Respondent. [650 NYS2d 1017] —Mercure, J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered October 27, 1995 in Albany County, which granted plaintiffs' motion to dismiss the third-party complaint, and (2) from an order of said court, entered January 29, 1996 in Albany County, which denied defendants' motion, *inter alia*, for summary judgment dismissing the complaint.

This action was commenced in January 1992 to recover for injuries sustained by plaintiff Bruce G. Johnson (hereinafter plaintiff), a Detective with the Albany City Police Department, during the January 15, 1991 drug raid of a basement apartment at 270 Elk Street in the City of Albany. Plaintiff had been assigned to cover the rear of the building and, in the course of pursuing a suspect who was attempting to reenter the apartment through a door at the bottom of a short flight of exterior stairs, plaintiff lost his footing on a loose sheet of plywood, hidden from view by 2 to 3 inches of snow, and was propelled forward to the bottom of the stairs, where he landed on his back. Liability is asserted against defendants, the owners of the property, under General Municipal Law § 205-e on the basis of their alleged violation of the City of Albany Housing Code (§ 14-25 [a]; § 14-92 [d], [g], [h]; § 14-95 [a]) and the State Uniform Fire Prevention and Building Code (9 NYCRR 1242.3 [a], [b]; 1244.1 [c], [d]; 1245.1 [c], [g], [h]), which in general terms impose upon landowners the duty of maintaining exterior grounds, walks, steps and entryways in a safe, unobstructed and uncluttered condition so as to permit safe and convenient passage.

In September 1995, less than six weeks prior to the scheduled trial of the action, defendants commenced a third-party action against the City of Albany, as plaintiff's employer, for common-law indemnification or contribution upon the theory that plaintiff's injuries were caused in whole or in part by the City's negligence in assigning him duties that were beyond his physical capability due to his history of knee and back problems. Contending that the delay in commencing the third-party action would have the effect (and was in fact commenced for the purpose) of delaying the trial of the main action, plaintiffs moved pursuant to CPLR 1010 for an order dismissing the third-party action without prejudice or, alternatively, severing it from the main action. Without indicating its rationale, Supreme Court granted plaintiffs' motion and dismissed the third-party complaint with prejudice. Defendants appeal.

Subsequently, defendants moved pursuant to CPLR 3211 and 3212 for summary judgment dismissing the complaint. The motion was founded upon the theory that, because the regulations relied upon by plaintiffs merely codify a landowner's common-law duty to keep land in a reasonably safe condition, their violation did not increase the risks normally undertaken by police officers, thus precluding liability under General Municipal Law § 205-e (*see, St. Jacques v City of New York*, 215 AD2d 75, 80-82, *affd* 88 NY2d 920). Supreme Court denied the motion and defendants appeal.

Initially, we agree with Supreme Court's determination denying defendants' summary judgment motion. By legislative enactment effective October 9, 1996, applicable to "all actions commenced or pending on and after such date" (L 1996, ch 703, § 6), the Legislature, *inter alia*, added a new subdivision (3) to General Municipal Law § 205-e, providing as follows: "This section shall be deemed to provide a right of action regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department" (L 1996, ch 703, § 2). The intent of the act, as expressly stated therein, is: "to ensure once and for all that [General Municipal Law § 205-e] is applied by the courts in accordance with its original legislative intent to offer an umbrella of protection for police officers, who, in the course of their many and varied duties, are injured by the negligence of anyone who violates any relevant statute, ordinance, code, rule and/or regulation" (L 1996, ch 703, § 1). There can be no serious dispute that the enactment of Laws of 1996 (ch 703) wholly defeats the legal theory underlying defendants' summary judgment motion.

We agree with defendants, however, that Supreme Court abused its discretion in dismissing the third-party complaint with prejudice. As noted earlier, plaintiffs sought only that the third-party complaint be dismissed without prejudice, and we perceive no basis for action as extreme as that taken here. In view of the passage of time and the fact that the scheduled trial of the main action did not take place, the matter shall be remitted for de novo consideration of plaintiffs' motion in light of current circumstances.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order entered October 27, 1995 is reversed, on the law, without costs, and matter remitted to the Supreme Court for

further proceedings not inconsistent with this Court's decision. Ordered that the order entered January 29, 1996 is affirmed, without costs.