■ KARIN GIBBONS, Respondent, v ALEXANDER S. OSTROW et al., Appellants. [651 NYS2d 168] —In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Franco, J.), dated October 6, 1995, which denied their motion for summary judgment dismissing the complaint, and (2) as limited by their brief, from so much of an order of the same court, dated November 30, 1995, as, upon reargument, adhered to the original determination. Justice Sullivan has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated October 6, 1995, is dismissed, as that order was superseded by the order dated November 30, 1995, made upon reargument; and it is further,

Ordered that the order dated November 30, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff, a Nassau County Police Officer, commenced this negligence action against the owner and operator, respectively, of the vehicle with which the plaintiff's police car collided. The defendants sought dismissal of the amended complaint on the ground that the sole cause of action asserted in the complaint was based on common-law negligence and was therefore barred by *Santangelo v State of New York* (71 NY2d 393) and subsequent cases which precluded recovery by police officers for injuries resulting from the special risks inherent in the duties they are engaged to perform.

In opposition, the plaintiff, for the first time, asserted that at the time and date of the accident, the defendant Alexander Ostrow violated certain sections of the Vehicle and Traffic Law, which statutory violations brought the plaintiff's claim within the ambit of General Municipal Law § 205-e. Concluding that the plaintiff had a viable cause of action under General Municipal Law § 205-e, the Supreme Court denied summary judgment. Upon reargument, the court adhered to its prior determination, reasoning that the allegations of the pleadings were sufficient to give the defendants notice of the unpleaded statutory violations. This was error.

In an action based on General Municipal Law § 205-e, the complaint must specify or identify the statutes with which the defendant allegedly failed to comply, describe the manner in which the plaintiff's injuries occurred, and set forth the facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the plaintiff (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441, citing *Brophy v Generoso,* 137 AD2d 478, 479; *MacKay v Misrok,* 215 AD2d 734, 735; *Hoey v Kuchler,* 208 AD2d 805). Here, the plaintiff's failure to plead this cause of action is fatal. Moreover, because the court's amendment was made after the Statute of Limitations for bringing the statutory action had expired (*see,* General Municipal Law § 205-e [2]), the court's *sua sponte* amendment of the complaint to allow the time-barred claim constituted an abuse of discretion (*see, Monaco v New York Univ. Med. Ctr.,* 213 AD2d 167, 169).

Notwithstanding the plaintiff's failure to properly plead a cause of action pursuant to General Municipal Law § 205-e, however, recent legislation effectively overruled the holding of *Santangelo v City of New York (supra)* and subsequent cases, thereby establishing a limited right of recovery for police officers and firefighters based on, *inter alia,* negligent conduct such as that alleged in the plaintiff's complaint (*see,* General Obligations Law § 11-106, as added by L 1996, ch 703, § 5; *see also, Sikes v Reliance Fed. Sav.,* 234 AD2d 446 [decided herewith]). This legislation applies to all actions commenced or pending on and after October 9, 1996 (*see,* L 1996, ch 703, § 6), such that the plaintiff may now proceed on her negligence cause of action. Miller, J. P., Ritter, Sullivan and Copertino, JJ., concur.