■ RICHARD SIKES et al., Respondents, v RELIANCE FEDERAL SAVINGS, Appellant, and PARIS MAINTENANCE COMPANY, INC., Respondent. [651 NYS2d 167] —In a negligence action to recover damages for personal injuries, etc., the defendant Reliance Federal Savings appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), dated July 10, 1995, which denied its motion for summary judgment, dismissing the plaintiffs' complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Richard Sikes, a New York City police officer, was injured when he fell down a staircase in a bank owned by the defendant Reliance Federal Savings (hereinafter the bank). The plaintiff was on the scene having responded to a burglar alarm and was proceeding down a flight of stairs along with a bank employee to check the basement to ensure that it was secure. The stairs had allegedly just been waxed by an employee of the defendant Paris Maintenance Company.

Sikes and his wife, commenced this action alleging causes of action based on common-law negligence as well as violations of General Municipal Law § 205-e. The bank moved for summary judgment contending, *inter alia,* that the plaintiffs' common-law cause of action was barred by the so-called "firefighter's rule" enunciated in *Santangelo v State of New York* (71 NY2d 393). The court denied the bank's motion as it found that the instant case fell within an exception to the firefighter's rule. We affirm but for different reasons.

On October 9, 1996, chapter 703 of the Laws of 1996, effective immediately, added new section 11-106 to the General Obligations Law and amended General Municipal Law § 205-e to reaffirm the Legislature's intent that police officers (and firefighters) should have recourse against allegedly negligent landowners. New section 11-106 of the General Obligations Law provides, *inter alia,* that in addition to any other right of recovery, whenever a police officer (or firefighter) suffers any injury or death in the lawful discharge of his or her duties, and that injury or death is proximately caused by, *inter alia,* the negligence of anyone other than a coemployee or the

injured officer's employer, the injured officer may seek damages from the negligent party. In light of these enactments, the bank's reliance upon, *inter alia, Santangelo v State of New York (supra),* is unavailing (*see also, Gibbons v Ostrow,* 234 AD2d 415 [decided herewith]). Similarly, the plaintiffs are not precluded from pursuing their causes of action which seek damages pursuant to General Municipal Law § 205-e since the amendments thereto provide for a right of recovery, "regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department" (General Municipal Law § 205-e [3]). In light of the broad recovery rights conferred upon police officers by the foregoing statutory amendments, the bank is not entitled to summary judgment. Miller, J. P., Ritter, Copertino and McGinity, JJ., concur.