■ WARREN SEELEY et al., Respondents, v DALLAO RESTAURANT, Doing Business as HORSEBLOCK INN, et al., Appellants, et al., Defendants. [656 NYS2d 679] —In an action to recover damages for personal injuries, etc., the defendants Steven Surdi, Kevin Sorady, and Charles Keith, separately appeal, as limited by their briefs, from stated portions of an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 21, 1995, which, *inter alia,* upon granting that branch of the plaintiffs' motion which was to consolidate this action with a prior action entitled *Seeley v Dallao Rest.* (Index No. 11806/84), which was dismissed by order of the same court (Baisley, J.), dated February 17, 1988, in effect, vacated the prior dismissal and reinstated the prior action pursuant to General Municipal Law § 205-e (2). The defendants Dallao Restaurant d/b/a Horseblock Inn and Thomas J. Sorady separately appeal from the same order.

Ordered that the appeals of Dallao Restaurant d/b/a as Horseblock Inn, and Thomas J. Sorady are dismissed for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiffs' motion which was to consolidate this action with the prior dismissed action entitled *Seeley v Dallao Rest.* (Index No. 11806/84), and, in effect, vacated the prior dismissal and reinstated the prior action and substituting therefor a provision denying that branch of the plaintiffs' motion; as so modified, the order is affirmed insofar as reviewed and the complaint insofar as asserted against the appellants Steven Surdi, Kevin Sorady, and Charles Keith is dismissed; and it is further,

Ordered that the appellants Steven Surdi, Kevin Sorady, and Charles Keith are awarded one bill of costs.

The plaintiffs' action, as against the appellants Steven Surdi, Kevin Sorady, and Charles Keith (hereinafter the appellants) sounding in common-law negligence, should not have been reinstated pursuant to the revival provisions of General Municipal Law § 205-e (2) and hence, we dismiss the action insofar as asserted against the appellants. In an action based on General Municipal Law § 205-e, the complaint must specify or identify the statutes with which the defendant allegedly failed to comply, describe the manner in which the plaintiff's injuries occurred, and set forth the facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the plaintiff (see, Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 441, citing Brophy v Generoso, 137 AD2d 478, 479; MacKay v Misrok, 215 AD2d 734, 735; Hoey v Kuchler, 208 AD2d 805; Gibbons v Ostrow, 234 AD2d 415). Here, the pleadings fail to assert a cause of action based on General Municipal Law § 205-e or to identify the specific statute, rule, or regulation allegedly violated that would serve as the predicate for such an action against the appellants.

We note that the plaintiffs may have a claim under General Municipal Law § 205-e as against the corporate defendant Dallao Restaurant d/b/a Horseblock Inn.

In light of the foregoing, we need not reach the appellants' remaining contentions. Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.