■ JEFFREY STELLA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [657 NYS2d 702] —Orders, Supreme Court, New York County (Robert Lippmann, J.), entered August 17, 1995 and on or about August 15, 1995, which denied plaintiff's motions for disclosure, and granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate the cause of action for common-law negligence and direct that disclosure with respect to that cause of action proceed in the normal course, and otherwise affirmed, without costs.

Defendant concedes that under General Obligations Law § 11-106, approved October 9, 1996 and effective immediately (L 1996, ch 703, §§ 5, 6), after the motion court issued the orders on appeal, the "firefighter's rule" no longer bars plaintiff's cause of action for common-law negligence, and we accordingly modify to reinstate that cause of action. However, the companion amendment adding the new subdivision (3) to General Municipal Law § 205-e (L 1996, ch 703, § 2) does not save plaintiff's cause of action under that section. Although the amendment broadened the types of statutes and regulations that can serve as predicates for liability, it remains that the injured police officer must "set forth those facts from which it may be inferred that the defendant's negligence [in failing to comply with some statute or ordinance] directly or indirectly caused the harm [that resulted]" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441; *see, Aversa v New York City Hous. Auth.*, 233 AD2d 217). We agree with the motion court that the various statutes and regulations cited by plaintiff either do not af-

ford protection to nonemployees of the violator or do not have any causal relationship to the injury sustained. We also agree with the motion court that defendant's own rules and regulations cannot serve as a predicate for liability since defendant is a public benefit corporation created by the State Legislature, not a department, division, or bureau of the Federal, State, or City government. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin and Williams, JJ.