■ EDWARD L. CARLSON, Respondent, v STANLEY BERG et al., Appellants. [659 NYS2d 304] —In an action to recover damages for personal injuries, the defendants Stanley Berg and Estelle Berg appeal from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated January 22, 1996, as granted that branch of the plaintiff's cross motion which was for leave to serve an amended summons and complaint asserting a cause of action to recover damages under General Municipal Law § 205-e.

Ordered that the appeal by the defendant Stanley Berg is dismissed as he is not aggrieved by the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Estelle Berg; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the defendant Estelle Berg.

The plaintiff, Police Officer Edward Carlson, brought this action alleging that he was injured when, while responding to an activated burglar alarm at a private home, he was caused to slip and fall by landscaping stones that were strewn across a walkway on the property. The only cause of action asserted in the complaint sounded in common-law negligence. The named defendant, Stanley Berg, moved for summary judgment dismissing the complaint against him on the ground, *inter alia*, that he was not the owner of the premises. The plaintiff cross-moved for leave to serve a supplemental summons and amended complaint adding the owner, Estelle Berg, as a party defendant, and asserting two causes of action against her to recover damages for common-law negligence and under General Municipal Law § 205-e. The Supreme Court dismissed the complaint against Stanley Berg but granted the plaintiff's cross motion to the extent that it was for leave to serve a supplemental summons adding Estelle Berg as a party defendant and an amended complaint asserting a cause of action to recover damages under General Municipal Law § 205-e.

On October 9, 1996, while this appeal was pending, the Legislature added General Obligations Law § 11-106 and amended General Municipal Law § 205-e (*see*, L 1996, ch 703). These amendments, which apply to all actions commenced or pending on and after October 9, 1996, provide a right of recovery to injured officers where, as here, the regulation allegedly violated codifies a common-law duty (*see*, L 1996, ch 703; *Gregory v Armon*, 240 AD2d 703 [decided herewith]; *Sikes v Reliance Fed. Sav.*, 234 AD2d 446; *accord, Johnson v Jack*, 233 AD2d 807). Moreover, the new legislation provides for a

common-law cause of action against negligent landowners in situations such as that presented here (*see, Sikes v Reliance Fed. Sav., supra; see also, Gibbons v Ostrow,* 234 AD2d 415). Accordingly, the plaintiff's amended complaint, which asserts a General Municipal Law § 205-e cause of action against Estelle Berg, is entirely proper. The plaintiff may, if he be so advised, move in the Supreme Court for leave to serve a second amended complaint asserting a common-law negligence cause of action. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.