■ JOHN CORBISIERO et al., Appellants, v CITY OF NEW YORK, Respondent. [659 NYS2d 319] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Leibowitz, J.), dated July 10, 1995, which granted the motion of the defendant City of New York for summary judgment and thereupon dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cause of action predicated on General Municipal Law § 205-e to recover damages for personal injuries, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the cause of action predicated upon General Municipal Law § 205-e is reinstated.

To recover damages for personal injuries under General Municipal Law § 205-e, the pleadings must specify or identify the statutes with which the defendant failed to comply, describe the manner in which the plaintiff's injuries occurred, and set forth the facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm

to the plaintiff (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441; *Gibbons v Ostrow,* 234 AD2d 415). Chapter 703 of the Laws of 1996, which amended General Municipal Law § 205-e, clearly provides a right of recovery where the regulation allegedly violated merely codifies a common-law duty (*see, Sikes v Reliance Fed. Sav.,* 234 AD2d 446; *accord, Johnson v Jack,* 233 AD2d 807). Accordingly, the plaintiffs have stated a viable claim under General Municipal Law § 205-e based on the defendant's alleged violations of Administrative Code of the City of New York §§ 27-127 and 27-128.

We find no merit to the plaintiffs' remaining contentions. Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.