■ CYRIL FARRINGTON et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY,

Respondent. [659 NYS2d 318] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by a stipulation of the parties dated October 28, 1996, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated August 7, 1995, as granted that branch of the cross motion of the defendant New York City Transit Authority which was for summary judgment dismissing the plaintiff's second cause of action based on General Municipal Law § 205-e and denied their motion for discovery as academic.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the aforementioned branch of the cross motion is denied, the plaintiffs' second cause of action is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiffs' motion on the merits.

The 1996 amendments to General Municipal Law § 205-e added a new subdivision (3) which provides injured police officers with a right of recovery "regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department" (L 1996, ch 703, § 2). Accordingly, contrary to the contentions of the New York City Transit Authority (hereinafter the Transit Authority), both Transportation Law § 96 and Administrative Code of the City New York §§ 27-127 and 27-128 are sufficient predicates for a General Municipal Law § 205-e cause of action against the Transit Authority, notwithstanding that these code provisions merely restate a common-law duty with respect to premises maintenance (see, Sikes v Reliance Fed. Sav., 234 AD2d 446; Johnson v Jack, 233 AD2d 807).

Insofar as the plaintiffs' discovery motion is not academic, the matter is remitted to the Supreme Court, Kings County, for a determination of that motion on the merits. Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.