■ JAMES E. GREGORY et al., Respondents, v HARRY ARMON et al., Appellants. [659 NYS2d 307] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 28, 1996, which, *inter alia,* denied their motion to dismiss the complaint for failure to state a cause of action under General Municipal Law § 205-e.

Ordered that the appeal from so much of the order as denied that branch of the defendants' motion which was to dismiss the cause of action based on common-law negligence is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The allegedly injured plaintiff, James Gregory, a police officer, and his wife brought this action against the defendants after the officer was injured when he slipped on a patch of ice and snow in the driveway of the defendants' home while returning to his vehicle after investigating a burglar alarm. The defendants moved, *inter alia*, to dismiss the plaintiffs' cause of action under General Municipal Law § 205-e, and the court denied the motion.

To recover damages for personal injuries under General Municipal Law § 205-e, the complaint must specify or identify the statutes with which the defendant failed to comply, describe the manner in which the plaintiff's injuries occurred, and set forth the facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the plaintiff (*see, Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441; *Gibbons v Ostrow*, 234 AD2d 415). Chapter 703 of the Laws of 1996, which amended General Municipal Law § 205-e, clearly provides a right of recovery where, as here, the regulation allegedly violated merely codifies a common-law duty (*see, Corbisiero v City of New York*, 240 AD2d 694 [decided herewith]; *Sikes v Reliance Fed. Sav.*, 234 AD2d 446; *accord, Johnson v Jack*, 233 AD2d 807). Accordingly, the plaintiffs have stated a viable claim under General Municipal Law § 205-e, and the motion to dismiss was properly denied. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.