■ RAYMOND JACKSON et al., Appellants, v CITY OF NEW YORK, Respondent. [659 NYS2d 321] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated January 5, 1996, as granted the motion of the defendant City of New York for summary judgment and dismissed the cause of action asserted in the complaint which was to recover damages pursuant to General Municipal Law § 205-e.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, Raymond Jackson, a New York City police officer, was allegedly injured when he fell on a public sidewalk while attempting to apprehend a suspect. The complaint, *inter alia,* asserted a cause of action to recover damages pursuant to General Municipal Law § 205-e, based on the defendant City of New York's neglect of or failure to comply with, *inter alia,* Administrative Code of the City of New York § 7-201 (c) (2). The branch of the City's motion for summary judgment dismissing that cause of action was granted. We affirm.

In an action based on General Municipal Law § 205-e, the

pleadings must specify the statutes with which the defendant allegedly failed to comply, describe the manner in which the plaintiff's injuries occurred, and set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the plaintiff (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441, citing *Brophy v Generoso,* 137 AD2d 478, 479; *Florio v City of New York,* 226 AD2d 148; *MacKay v Misrok,* 215 AD2d 734, 735; *Hoey v Kuchler,* 208 AD2d 805).

The Supreme Court's reliance on the reasoning in *St. Jacques v City of New York* (215 AD2d 75, *affd on other grounds* 88 NY2d 920), is no longer viable in light of the 1996 amendments to General Municipal Law § 205-e. Nevertheless, summary judgment was properly granted. Administrative Code of the City of New York § 7-201 (c) (2), known as the "Pothole Law", cannot serve as the predicate for an action under General Municipal Law § 205-e since it does not impose upon the City an affirmative duty to repair (*see, e.g., St. Jacques v City of New York,* 88 NY2d 920, *supra*). Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.