■ ROSEMARIE RAGUSA, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [660 NYS2d 996] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated April 6, 1995, as denied her cross motion for leave to serve an amended complaint asserting a cause of action pursuant to General Municipal Law § 205-e against the defendant City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an action based on General Municipal Law § 205-e, the complaint must specify or identify the statutes with which the defendant allegedly failed to comply, describe the manner in which the plaintiff's injuries occurred, and set forth the facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the plaintiff (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441, citing *Brophy v Generoso,* 137 AD2d 478, 479; *Gibbons v Ostrow,* 234 AD2d 415; *MacKay v Misrok,* 215 AD2d 734, 735; *Hoey v Kuchler,* 208 AD2d 805). Here, the plaintiff's failure to identify a statute, ordinance, rule, order, or requirement that imposes an affirmative duty of repair upon the City is fatal (*see, St. Jacques v City of New York,* 88 NY2d 920). Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.