■ SEAN COSGRIFF et al., Appellants, v CITY OF NEW YORK et al., Respondents. [659 NYS2d 888] —Judgment, Supreme Court, New York County (Salvador Collazo, J.), entered February 26, 1996, which dismissed plaintiffs' complaint, unanimously modified, on the law, to the extent of reinstating such complaint to the extent that it alleges a cause of action pursuant to General Municipal Law § 205-e against all defendants and causes of action for common-law negligence against the non-municipal defendants, and otherwise affirmed, without costs or disbursements.

Plaintiff Sean Cosgriff, who was a police officer at the time, was in pursuit of individuals involved in the sale of narcotics when he tripped and fell on a sidewalk abutting a building at 7-13 Washington Square North sustaining serious injuries. Cosgriff fell when his left foot came into contact with a metal plate in the sidewalk. Prior to the accident, the defendant City of New York had issued a notice to repair to the owner of the premises due to a "bluestone tripping condition" that was "in front of or abutting" the structure.

Plaintiffs, Mr. and Mrs. Cosgriff, in an amended complaint, alleged causes of action under both common-law negligence and General Municipal Law § 205-e against defendants, the City of New York, New York University, as the owner of 7-13 Washington Square North, and William A. White & Sons, sued herein as William White Company, which managed the premises. The complaint asserted, in part, that defendants failed to comply with and/or remedy "the defective and dangerous conditions complained of * * * in violation of statutes, ordinances, codes, rules, orders and/or requirements" of State and local governments, citing various sections of the Administrative Code of the City of New York. Further, in their Bill of Particulars, the plaintiffs also relied upon Administrative Code § 7-201 (c) (2), commonly known as "the Pothole Law," section 2904 of the New York City Charter, and other sections of the Health Code and Administrative Code.

The defendants moved for summary judgment dismissing the complaint and the IAS Court granted the motion by defendants New York University and William White Company

and the cross motion by the City, dismissing both the common-law negligence and General Municipal Law § 205-e claims against all defendants.

The IAS Court relied upon our decision in *St. Jacques v City of New York* (215 AD2d 75, *affd* 88 NY2d 920), involving two companion cases in which police officers, who were separately chasing suspects while on duty, were injured when both tripped and fell due to a depression and a crack in the respective sidewalks. They brought actions based on the City's failure to cause the sidewalks to be repaired in accordance with various sections of the New York City Charter and other statutes. We found that the plaintiffs' actions were properly dismissed, stating: "[W]here as here, the statutes, on which plaintiffs rely to sustain their General Municipal Law § 205-e causes of action, do not create any greater duty than that which exists at common law, but merely delineate how the duty is to be fulfilled, it cannot be concluded that the specific violations alleged by the plaintiffs increased inherent risks undertaken by officers when they respond to a call or pursue a suspect. The same risk of injury would have been present whether or not the alleged statutory violations occurred and we conclude, therefore, that the plaintiffs' actions in both cases were properly dismissed." (*Supra,* at 81-82.)

In affirming, the Court of Appeals noted that the statutes cited by the plaintiffs did *not* impose an affirmative duty on the City to keep its sidewalks in good repair, and to the extent that they authorized the City to act, the authority given was couched in permissive rather than mandatory terms, and that, therefore, the "cited provisions cannot form a basis for a cause of action under General Municipal Law § 205-e" (*St. Jacques v City of New York, supra,* 88 NY2d, at 922-923).

This analysis supports the action taken by the IAS Court. However, the Legislature was apparently unhappy with the result in *St. Jacques* and amended General Municipal Law § 205-e (L 1996, ch 703, § 2 [signed into law on Oct. 9, 1996]), which was effective immediately and applicable to "all actions commenced or pending on and after said date" (*id.,* § 6). The Legislature expressly stated that its purpose in adopting the amendment was: "to ensure once and for all that [General Municipal Law § 205-e] is applied by the courts in accordance with its original legislative intent to offer an umbrella of protection for police officers, who, in the course of their many and varied duties, are injured by the negligence of anyone who violates any relevant statute, ordinance, code, rule and/or regulation." (L 1996, ch 703, § 1.)

The new subdivision asserts: "This section shall be deemed to provide a right of action regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department." (L 1996, ch 703, § 2, adding General Municipal Law § 205-e [3].)

Accordingly, the City's objection to the cause of action asserted against it pursuant to General Municipal Law § 205-e is without merit and said cause of action should be reinstated (*see, Johnson v Jack*, 233 AD2d 807; *Sikes v Reliance Fed. Sav.*, 234 AD2d 446).

As to the remaining two causes of action, both founded in common-law negligence, the Legislature, at the same time it amended the General Municipal Law, also added a new section 11-106 to the General Obligations Law. According to this amendment, also effective immediately and applicable to all actions commenced on or pending after the date of enactment:

"1. In addition to any other right of action or recovery otherwise available under law, whenever any police officer or firefighter suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that police officer's or firefighter's employer or co-employee, the police officer or firefighter suffering that injury or disease, or, in the case of death, a representative of that police officer or firefighter may seek recovery and damages from the person or entity whose neglect, willful omission, or intentional, willful or culpable conduct resulted in that injury, disease or death.

"2. Nothing in this section shall be deemed to expand or restrict the existing liability of an employer or co-employee at common-law or under sections two hundred five-a and two hundred five-e of the general municipal law for injuries or death sustained in the line-of-duty by any police officer or firefighter."

Accordingly, no tortfeasor, *other than the employer* of the injured or deceased police officer or firefighter, may challenge a claim of common-law negligence. Therefore, plaintiffs herein may not be prevented from maintaining their causes of action founded on common-law negligence *except* insofar as they are asserted against the City, the officer's employer. Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.