■ JOSEPH CAMMILLERI et al., Appellants, v S & W REALTY ASSOCIATES, Defendant, and THATFORD GLASS, INC., et al., Respondents. (And Other Titles.) [663 NYS2d 222] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated October 1, 1996, as granted the motion by the defendants Thatford Glass, Inc., and Rony Cordon, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the complaint is reinstated insofar as it is asserted against the defendants Thatford Glass, Inc., and Rony Cordon.

The plaintiff Joseph Cammilleri, a New York City police officer, was allegedly injured when the three-wheeled "scooter" in which he was seated was struck from the rear by a van owned by the defendant Thatford Glass, Inc. (hereinafter Thatford) and operated by the defendant Rony Cordon. The injured plaintiff was on the scene in response to a call and was investigating an unrelated accident involving other vehicles.

The injured plaintiff and his wife commenced the instant action against, among others, Thatford and Cordon, alleging causes of action based on common-law negligence and violations of General Municipal Law § 205-e. Thatford and Cordon moved for summary judgment dismissing the complaint insofar as asserted against them, contending, *inter alia,* that the common-law negligence cause of action was barred by the so-called "firefighter's rule" (*see, Santangelo v State of New York,* 71 NY2d 393). The court, *inter alia,* granted the motion and dismissed the complaint insofar as it is asserted against Thatford and Cordon. We reverse the order insofar as appealed from and reinstate the complaint insofar as asserted against those defendants.

Since the enactment of General Obligations Law § 11-106, the plaintiffs' cause of action which alleges common-law

negligence is no longer barred by the so-called "firefighter's rule" (*see, Sikes v Reliance Fed.,* 234 AD2d 446; *Gibbons v Ostrow,* 234 AD2d 415; *Carlson v Berg,* 240 AD2d 692; *Gregory v Armon,* 240 AD2d 703; *Farrington v City of New York,* 240 AD2d 697; *Corbisiero v City of New York,* 240 AD2d 694).

Moreover, a question of fact exists as to whether Cordon was negligent. It is well settled that a rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator (*see, Hurley v Cavitolo,* 239 AD2d 559; *Barile v Lazzarini,* 222 AD2d 635). This is so because the operator of the moving vehicle is in a better position "to excuse the collision either through a mechanical failure, or a sudden stop of the vehicle ahead, or an unavoidable skidding on a wet pavement, or any other reasonable cause" (*Carter v Castle Elec. Contr. Co.,* 26 AD2d 83, 85; *see, Barile v Lazzarini, supra*). Although Thatford and Cordon attempted to rebut the inference of negligence with evidence that, despite Cordon's attempt to stop it, the van slid into the injured plaintiff's scooter because of oil on the road (*see, Torrillo v Command Bus Co.,* 206 AD2d 520), several factual issues, including whether Cordon should have seen the oil spill before he collided with the injured plaintiff's vehicle, require denial of the motion for summary judgment and reinstatement of the complaint insofar as it alleges common-law negligence.

Similarly, the injured plaintiff's cause of action which seeks damages under General Municipal Law § 205-e, and alleged a violation of Vehicle and Traffic Law § 1180 (a), should be reinstated (*see,* General Municipal Law § 205-e [3]), as should the derivative cause of action asserted by the injured plaintiff's wife. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.