■ VINCENT M. PICONE, Appellant, v CITY OF NEW YORK et al., Respondents. [668 NYS2d 206] —Order, Supreme Court, New York County (Louis York, J.), entered September 24, 1996, which, in an action by a police officer to recover for personal injuries sustained when he fell in a sidewalk depression while chasing a suspect, granted defendant City's, abutting landowner's and contractor's respective motions for summary judgment dismissing the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiff leave to replead his cause of action against defendant City under General Municipal Law § 205-e, within 60 days of this order, so as to allege a proper statutory predicate for such cause of action, and otherwise affirmed, without costs.

Plaintiff has a viable cause of action against defendant City under General Municipal Law § 205-e, as amended subsequent to the IAS Court's order (*see, Cosgriff v City of New York*, 241 AD2d 382), assuming there is some statute, ordinance, order, rule or regulation that imposed upon the City an affirmative duty to repair the sidewalk in question and with which the City failed to comply (*see, Stella v New York City Tr. Auth.*, 240 AD2d 167). We agree with the Second Department that Administrative Code of the City of New York § 7-201 (c) (2), known as the Pothole Law, cannot serve as such a statutory predicate, since it is merely a notice provision and does not impose an affirmative duty to repair (*Jackson v City of New York*, 240 AD2d 708). However, we think it appropriate to give plaintiff a further opportunity to identify a proper statutory predicate. Plaintiff's causes of action for common-law negligence against the abutting landowner and the contractor were properly dismissed in the absence of any evidence that the landowner had made a special use of the sidewalk or created the defect, or that the contractor's work on the sidewalk was below standard, despite ample opportunity for disclosure in those respects. We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.