OPINION OF THE COURT
Louis B. York, J.
*944 Currently, plaintiffs move for leave to amend their complaint to add AAA Emergency Supply Companies, Incorporated (AAA) and to allege claims against the City of New York (the City), Scott Aviation (Scott), Jeanne Jackson and AAA based upon General Municipal Law § 205-a.
Plaintiffs served AAA as well as the parties to this action with a copy of these motion papers, and there is no opposition to the first portion of plaintiffs’ motion. Furthermore, AAA is already a defendant in a related case, Wylie v City of New York (index No. 601528/96), and the parties have participated in a joint discovery conference. Thus, there is no apparent prejudice or other hindrance to allowing the amendment, and the court grants this part of the motion. Furthermore, Scott does not object to the assertion of claims against it based on the General Municipal Law, and the court grants that portion of the motion as well.
However, the court denies the portion of the motion seeking to allege claims based upon General Municipal Law § 205-a. In pertinent part, the amendment, which arose subsequent to the abrogation of the firefighter rule, states that “every cause of action for the personal injury or wrongful death of a firefighter which was pending on or after January first, nineteen hundred eighty-seven * * * or which would have been actionable on or after January first, nineteen hundred eighty-seven had this section been effective is hereby revived and an action thereon may be commenced at any time provided that such action is commenced on or before June thirtieth, nineteen hundred ninety-seven.” (General Municipal Law § 205-a [2] [added by L 1996, ch 703, §4] [emphasis supplied].) This case, which contains causes of action based on a firefighter’s personal injuries and which was pending after January 1, 1987, is within the scope of the statute. (See also, Cosgriffv City of New York, 241 AD2d 382 [1st Dept 1997] [discussing amendment].) However, the statute clearly provides that new or revived actions had to be brought by June 30, 1997. The court finds that this limitations period applies as well to new causes of action asserted within the context of an ongoing lawsuit.
In reaching this conclusion, the court is particularly cognizant of the strong legislative and judicial policies relating to the limitations periods set forth in General Municipal Law §§ 50-e and 50-i. In the amendment to the General Municipal Law, the Legislature carefully protected the municipalities’ rights by allowing only a brief window period in which plaintiffs could revive otherwise expired claims. It does not *945 make sense that the restriction would apply to cases which have been dismissed altogether or which were never commenced, but that those who have pending lawsuits against the municipality could circumvent the timeliness requirement altogether. Here, for example, plaintiffs make no attempt to justify their delay, apparently contending that the General Municipal Law gives them unfettered leave to amend.
Without deciding whether a relation-back argument would ever permit the late assertion of a firefighter’s claim, the court is not persuaded by the argument preferred in this case. In the original complaint, plaintiffs only sued the City for damages relating to the malfunction of the Air Pak; now they wish to add claims based on violations of “the appliable statutes, ordinances, rules, orders and requirements.” Initially, it was reasonable for the City not to expect the assertion of this claim because of the firefighter rule; after the amendment of the statute, the City could reasonably assume that claims would not be asserted after the expiration of the window period. Furthermore, Jackson, the owner of the premises where the fire occurred, and the City were not united in interest. (See, Nardi v Hirsh, — AD2d —, 1998 NY Slip Op 04281 [1st Dept, May 5, 1998].)
Plaintiffs’ assertion that the new claim relates to the claim already asserted against the City also lacks merit. First, plaintiffs have not specified the alleged violations at issue, and thus they cannot prevail on this argument. Second, it is unlikely that any statutory violations could be sufficiently related to the initial cause of action, based on the alleged malfunctioning of the Air Pak, to support plaintiffs’ argument. Gibbons v Ostrow (234 AD2d 415 [2d Dept 1996]), upon which plaintiffs rely, is distinguishable — among other reasons, because it did not involve a timeliness issue.
Finally, the City is correct in its assertion that complaint must “specify or identify the statutes with which the defendant allegedly failed to comply”. (Ragusa v City of New York, 240 AD2d 719 [2d Dept 1997].) Because the claim is disallowed, the court will not rule on plaintiffs’ request to amend the complaint further to specify the violations. (See, Gibbons v Ostrow, 234 AD2d 415, 416 [2d Dept 1996], supra [contrary determination would be abuse of discretion].)
In conclusion, because the motion to amend, which plaintiffs did not serve until October 7, 1997, is untimely as against the City, it is ordered that the motion is denied to the extent that it seeks to assert new claims against the City; and it is ordered *946 that the remainder of the motion is granted. Plaintiffs shall serve an amended answer which conforms to this order within 30 days of its date of entry, along with a copy of this order with notice of entry; and it is further ordered that at the time of service plaintiffs shall also provide AAA with copies of all previously exchanged discovery and copies of all deposition and hearing transcripts; and it is further ordered that the caption of the action shall be amended to include AAA as a defendant, and that the motion support and trial support clerks shall mark their records accordingly; and it is further ordered thát all defendants, including the new defendant, shall have 20 days from the date of service to answer the amended complaint; and it is further ordered that all parties are to appear in Part 2 for a compliance conference on Wednesday, October 7, 1998, at 11:00 a.m.