■ STUART SIMONS et al., Appellants, v CITY OF NEW YORK, Respondent. STUART SIMONS et al., Respondents, v CITY OF NEW YORK, Appellant. [675 NYS2d 597] —Order, Supreme Court, New York County (Jane Solomon, J.), entered February 26, 1997, denying plaintiffs' motion to amend their complaint and denying defendant's cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiffs' motion to amend the complaint to assert a claim under General Municipal Law § 205-e, and to grant defendant's cross-motion to the extent of dismissing the claim based on common-law negligence, and otherwise affirmed, without costs. Appeal from orders of the same court and Justice, entered August 26, 1997 and September 15, 1997, which, insofar as appealable, denied motions by the respective parties for renewal, unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiff Stuart Simons, a police officer attending Criminal Court in connection with investigative duties, was asked to escort a complainant to the subway. There is no evidence that this request resulted from any fear for the complainant's safety. Plaintiff, en route to the subway, allegedly was injured when he tripped and fell on a depression around a metal plate in the roadbed as he was stepping off a curb. Plaintiff claimed that the defect was created by negligent repair work by a contractor hired by the City.

The IAS Court, finding that performance of plaintiff's official duties had not increased the risk of injury, found that the common-law "firefighter's rule" did not entitle the City to summary

judgment on the negligence claim. Plaintiff moved for leave to add a claim under General Municipal Law § 205-e, which permits a police officer to recover for injuries sustained in accidents caused by a municipality's failure to comply with any statute, ordinance or other laws. Finding that the violation did not provide a basis for recovery, insofar as the statutes and ordinances relied on by plaintiff did not impose a duty upon the City to repair its roadways, the court denied leave. The court also denied plaintiffs' motion for sanctions arising from purported discovery violations.

Although plaintiff's accident did not arise from an activity as dramatic as chasing a suspect or mental patient (*Santangelo v State of New York*, 71 NY2d 393), or being injured in a car crash while responding to an emergency (*Cooper v City of New York*, 81 NY2d 584), it arose, nevertheless, directly from the performance of official duties. Being on duty was not the mere occasion for an unfortunate event, such as when "nothing in the acts undertaken in the performance of police duties placed him * * * at increased risk for that accident to happen" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 440). Rather, the performance of his duty, even if an undramatic one, was the connection between the hazards of police work and the injuries. Accordingly, the firefighter's rule provides a complete defense to the City and we grant summary judgment dismissing the common-law negligence claim.

The court erred by denying leave regarding the General Municipal Law § 205-e claim. That section was enacted to create a right of action for firefighters and police officers whose line-of-duty injuries result from the negligence of "any person" in failing to comply with laws imposing affirmative duties, regardless of whether such are duties of care. As a predicate to maintaining a General Municipal Law § 205-e action, plaintiff must rely on an underlying violation (*Zanghi v Niagara Frontier Transp. Commn.*, *supra*, at 441-442), although what type of violation qualifies has recently been changed. In light of the Court of Appeals' ruling in *St. Jacques v City of New York* (88 NY2d 920), the Legislature amended General Municipal Law § 205-e (L 1996, ch 703, § 2 [eff Oct. 9, 1996]), applicable to pending actions such as the present one, specifically providing that General Municipal Law § 205-e may apply regardless of whether the underlying statute or ordinance codifies a common-law duty and regardless of whether the alleged defect or conditions increased the dangers inherent in police work. The purpose of the amendment was to ensure that police officers injured while on duty by the negligence of anyone who violates a statute or

ordinance would have an opportunity to recover against the violator (*Johnson v Jack*, 233 AD2d 807). Since then, we reinstated a complaint claiming, as does present plaintiff, a General Municipal Law § 205-e right of action arising under New York City Charter 2903 (b), requiring the City to maintain streets and sidewalks in a reasonably safe condition (*Cosgriff v City of New York*, 241 AD2d 382; *compare with*, *Jackson v City of New York*, 240 AD2d 708 ["Pothole Law" was only a notice ordinance, not imposing repair duty on City; no recovery] and *Picone v City of New York*, 247 AD2d 205 [accord]). In view of the remedial purpose of the amendment, to make it easier rather than more difficult for police officers to maintain actions under General Municipal Law § 205-e, we apply the reasoning applicable in *Cosgriff* to the present case and modify the order to that extent.

Nor does the City validly rely on the Statute of Limitations set forth in General Municipal Law § 50-i to bar the claim under General Municipal Law § 205-e on the basis that the notice of claim had failed to specify this particular legal theory. Neither section 50-i nor governing case law imposes such a requirement. We find no reasonable basis to impose one under the circumstances of this case, where the notice of claim described in sufficient detail the time, place and manner of the occurrence and plaintiff's damages to advise the City of the basis for the claim so as to have an opportunity to investigate. Moreover, imposing such a theory-specific requirement in this case would be inconsistent with the remedial purpose of the amendment to section 205-e. To the extent that the Second Department has reached a different result in *Gibbons v Ostrow* (234 AD2d 415), we decline to follow it. Finally, we find no basis to disturb the order to the extent it denied sanctions. Concur—Rosenberger, J. P., Rubin, Williams and Tom, JJ.