■ JASON CAPUANO, Respondent, v PLATZNER INTERNATIONAL GROUP, LTD., Appellant. [688 NYS2d 236] —In an action to recover damages for personal injuries, the defendant appeals

from an order of the Supreme Court, Westchester County (Donovan, J.), entered April 3, 1998, which, *inter alia*, denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion for summary judgment since the complaint stated a viable claim under General Municipal Law § 205-e and the record presents triable issues of fact (*see, Gregory v Armon,* 240 AD2d 703; *Corbisiero v City of New York,* 240 AD2d 694). The plaintiff, a City of New Rochelle Police Officer, alleged that, upon responding to an emergency call at a city-owned building managed by the defendant, he was injured when he tripped and fell down a stairway. The plaintiff predicates liability under General Municipal Law § 205-e upon the alleged violation by the defendant of stated sections of the New York State Uniform Fire Prevention and Building Code Act (Executive Law art 18) which, generally, require that stairways be maintained in a safe manner. Contrary to the defendant's contention, it was not automatically immune from liability by virtue of the fact that it shared control of the building with the property owner (*cf., Lennon v Oakhurst Gardens Corp.,* 229 AD2d 897). The broad recovery rights conferred upon police officers by General Municipal Law § 205-e (*see, Sikes v Reliance Fed. Sav.,* 234 AD2d 446) encompass the plaintiff's claim that his injuries occurred as a result of the defendant's alleged predicate statutory violation (*see, Cosgriff v City of New York,* 241 AD2d 382; *Johnson v Jack,* 233 AD2d 807). O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.