■ Alfred J. Zahra et al., Respondents, v New York City Housing Authority, Appellant, et al., Defendant. [834 NYS2d 143]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered May 31, 2006, which denied defendant-appellant's motion to strike certain allegations from the plaintiffs' complaint, bill of particulars and supplemental bill of particulars, unanimously affirmed, without costs.

Plaintiffs stated in their original notice of claim that they were asserting a cause of action under General Municipal Law § 205-a. Necessarily, this gave defendant notice of a claim that plaintiff firefighter's injuries were the "result of . . . neglect, omission, willful or culpable negligence of" defendant "in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus." (General Municipal Law § 205-a [1].) Neither the General Municipal Law provisions as to notice of claim nor any governing case law requires a plaintiff alleging a General Municipal Law § 205-a claim to specify in the notice of claim the particular enactment violated (*see Simons v City of New York*, 252 AD2d 451, 453 [1998]). We do not find plaintiffs' allegation in the complaint as to specific Administrative Code sections insufficient at this stage. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.

(April 19, 2007)

■ The People of the State of New York, Respondent, v Sherese Hoover, Appellant. [833 NYS2d 421]—Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered on or about October 21, 2004, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.