In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated September 19, 2011, as denied their motion for summary judgment dismissing the complaint and granted the cross motion of the plaintiffs Patrick Byrne and Tina Byrne for summary judgment on their cause of action pursuant to General Municipal Law § 205-e, and (2) from a judgment of the same court (Farneti, J.), entered July 6, 2012, which, upon so much of the order as granted the cross motion of the plaintiffs Patrick Byrne and Tina Byrne for summary judgment on their cause of action pursuant to General Municipal Law § 205-e, and after a jury trial on the issue of damages, is in favor of the plaintiff Patrick Byrne and against them in the principal sum of $1,500,000.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents Patrick Byrne and Tina Byrne.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
At approximately 4:00 a.m. on February 17, 2007, the plaintiff *718 Patrick Byrne (hereinafter Byrne), a police officer employed by the Nassau County Police Department, was injured at the defendants’ summer home (hereinafter the premises) in Bayville when he slipped and fell on the top step at the front door. At the time of his accident, Byrne was investigating the source of an alarm that had sounded at the premises. In the week before the accident, the alarm had sounded at the premises three times, and the police had been notified on each occasion. According to the defendants, their alarm company had been instructed to contact them, or, if they were unreachable, a relative, in the event that the alarm sounded.
The defendants did not close up the premises in the winter and received mail deliveries year-round through a slot in the front door. At the time of Byrne’s arrival, the premises were covered by a blanket of snow that had fallen three days earlier. According to Byrne, no artificial light illuminated the premises, other than his flashlight. The defendants had not employed anyone to handle snow or ice removal at the premises for the 2006-2007 winter season.
In October 2007, Byrne commenced this action, alleging common-law negligence and a cause of action pursuant to General Municipal Law § 205-e. His wife asserted a derivative claim. The County of Nassau was granted leave to intervene and asserted a cause of action against the defendants pursuant to General Municipal Law § 207-c (6) for reimbursement of sums it expended for Byrne’s salary, wages, medical treatment, and hospital care.
The defendants moved for summary judgment dismissing the complaint. The Byrnes cross-moved for summary judgment on the cause of action pursuant to General Municipal Law § 205-e, and the County cross-moved for summary judgment on its General Municipal Law § 207-c (6) cause of action. The Supreme Court denied the defendants’ motion and the County’s cross motion, and granted the Byrnes’ cross motion. Thereafter, a jury trial was held on the issue of damages, resulting in an award to Byrne in the principal sum of $1,500,000. The defendants appeal.
“A defendant who moves for summary judgment in a slip- and-fall case has the initial burden of making a prima facie showing that it did not create the condition on which the plaintiff slipped, and did not have actual or constructive notice of that condition” (Alston v Starrett City Assoc., 72 AD3d 711, 711 [2010]). Here, the defendants failed to establish, prima facie, that they lacked constructive notice of a hazardous condition on their property (see id. at 712). Accordingly, the Supreme *719 Court properly determined that the defendants were not entitled to summary judgment dismissing the common-law negligence cause of action.
“To make out a claim under section 205-e, a plaintiff must [1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant’s negligence directly or indirectly caused the harm” (Williams v City of New York, 2 NY3d 352, 363 [2004] [internal quotation marks omitted]). “[A]s a prerequisite to recovery, a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties” (id. at 364 [internal quotation marks omitted]).
The Supreme Court awarded summary judgment to the Byrnes on the General Municipal Law § 205-e cause of action based on a determination that the defendants had violated section 302.3 of the 2007 Property Maintenance Code of New York State (see 19 NYCRR 1226.1 [hereinafter the Property Maintenance Code]), which states that “[a]ll sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.” The defendants’ contention that section 302.3 cannot serve as a predicate for General Municipal Law § 205-e liability is a legal argument that appears on the face of the record and could not have been avoided had it been brought to the attention of the Supreme Court. Accordingly, this contention may be considered by this Court even though it has been raised for the first time on appeal (see Williams v Naylor, 64 AD3d 588 [2009]). We agree with the Byrnes, however, that the defendants’ new contention is without merit (see Gonzalez v Iocovello, 93 NY2d 539, 551 [1999]; Jones v Fried, 21 AD3d 1057, 1059 [2005]; Capuano v Platzner Intl. Group, 260 AD2d 527, 528 [1999]; Gregory v Armon, 240 AD2d 703, 704 [1997]).
The Byrnes established their prima facie entitlement to judgment as a matter of law on the General Municipal Law § 205-e cause of action with evidence that the defendants violated section 302.3 of the Property Maintenance Code by failing to maintain the steps leading to their front door free of hazardous conditions, that Byrne slipped on a hazardous snow condition on the defendants’ front steps, and that his injuries were practically and reasonably connected to the defendants’ violation of section 302.3 of the Property Maintenance Code (see Campbell v City of New York, 31 AD3d 594, 595 [2006]; Campagna v Arleo, *720 25 AD3d 528, 530 [2006]; cf. Jones v Fried, 21 AD3d at 1058-1059; Gregory v Armon, 240 AD2d at 704). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Byrnes’ motion for summary judgment on the issue of liability on their cause of action pursuant to General Municipal Law § 205-e.
The defendants’ remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.E, Angiolillo, Leventhal and Miller, JJ., concur. [Prior Case History: 2011 NY Slip Op 32526(U).]