Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about September 21, 2011, which, in this personal injury action, granted defendant’s motion for summary *410 judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, while on duty as a Sergeant in the Detective Bureau of the New York City Police Department, sustained injuries when she stepped off the curb onto the roadway to assist a motorist with directions. Although plaintiff was in the course of walking to a nearby deli to retrieve her lunch when she stopped to give directions, she is barred by the fire fighter’s rule from recovering on her common-law negligence claims because “the acts undertaken in the performance of police duties placed . . . her at increased risk for that accident to happen” (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 440 [1995]; Simons v City of New York, 252 AD2d 451, 451-452 [1st Dept 1998]). Indeed, she applied for and received a line-of-duty accident disability retirement pension.
In any event, even if the common-law negligence claims were not barred by the fire fighter’s rule, defendant presented prima facie evidence that it had no prior written notice of any defective condition of the curb and that the curb was not defective or dangerous by reason of its height, and plaintiff failed to raise an issue of fact (see Katz v City of New York, 87 NY2d 241, 243 [1995]; Chunhye Kang-Kim v City of New York, 29 AD3d 57, 60-61 [1st Dept 2006]).
Defendant also was entitled to summary judgment dismissing the cause of action pursuant to General Municipal Law § 205-e. 34 RCNY 2-09 (a) (2), and the publications cited in that subdivision, are insufficient to support such a cause of action, because they do not contain “a particularized mandate or a clear legal duty” (Gonzalez v Iocovello, 93 NY2d 539, 551 [1999] [emphasis omitted]; see Desmond v City of New York, 88 NY2d 455, 464 [1996]).
Concur—Mazzarelli, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.