■ ANNETTE STERNBACH et al., Respondents, v CORNELL UNIVERSITY et al., Respondents, and A.J. ECKERT COMPANY, INC., Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered November 20, 1989 in Schenectady County, which denied defendant A.J. Eckert Company, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it.

This action was commenced by plaintiff Annette Sternbach (hereinafter plaintiff) to recover for injuries she allegedly sustained when her left foot went into a hole or depression on a sidewalk on College Avenue in the City of Ithaca, Tompkins County, and she fell. Immediately adjacent to the sidewalk was a construction fence placed there for the purpose of cordoning off a construction project being performed for defendant Cornell University. Defendant McGuire & Bennett, Inc. (hereinafter McGuire) was the general contractor for the project and it contracted with defendant A.J. Eckert Company, Inc. (hereinafter Eckert), a plumbing subcontractor. Eckert was hired to relocate a water line which traversed the sidewalk in the area where plaintiff fell. That work required a portion of the sidewalk to be removed and the earth below excavated. When the work on the line was completed, Eckert refilled the area and repaved the sidewalk. The project was completed approximately two months before plaintiff's accident.

In her complaint, as amplified by her bill of particulars, plaintiff principally alleges that the construction performed on the sidewalk by Eckert was performed negligently and created a dangerous and defective condition. Following joinder of issue, Eckert moved for summary judgment dismissing the complaint and all cross claims against it. Supreme Court denied the motion and this appeal ensued.

We affirm. Summary judgment is a drastic remedy and "should not be granted where there is any doubt as to the existence of a triable issue" *(Moskowitz v Garlock,* 23 AD2d 943, 944; *see, Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193, 197). Accordingly, the focus of the court must be on issue identification rather than issue determination *(see, Cunningham v General Elec. Credit Corp.,* 96 AD2d 502). Here, Supreme Court correctly concluded that Eckert's motion should be denied.

Attached to Eckert's motion papers were several photographs of the rather marked depression in the sidewalk that apparently existed a mere two months after Eckert refilled and repaved the sidewalk in question. Eckert implied, however, that because its project manager found the sidewalk to be in excellent condition upon completion of the project and McGuire's agents accepted the work, any later defects had to have been caused by outside forces such as the jackhammered installation of the adjacent construction fence. In contrast, plaintiff counters with evidence which might lead one to conclude that Eckert affirmatively created a defective condition by improperly backfilling the excavated sidewalk.

These pleadings raise factual issues that must be resolved at trial. Despite Eckert's contentions otherwise, the mere fact that the work was accepted by Eckert's employer does not entitle it to summary judgment as a matter of law in a case where a latent defect is alleged *(see, Brown v Welsbach Corp.,* 301 NY 202, 205). The physical appearance of the area establishes that a defect existed and the reason therefor has been inadequately explained by either party on this motion. Consequently, summary judgment would be entirely inappropriate.

Order affirmed, with costs to defendant McGuire & Bennett, Inc. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.