■ DALE P. TIMERMAN, Appellant, v FRED R. BENCE et al., Constituting the Municipal Civil Service Commission of Watertown, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Petitioner appeals from a judgment that denied his CPLR article 78 petition to annul

respondents' determination excluding petitioner's name from a certified list of eligibles for the position of firefighter for the City of Watertown. Petitioner contends that the determination to exclude him from the eligibility list because he exceeded the maximum age of 30 was arbitrary, a violation of statute, and a denial of equal protection.

It was not arbitrary for respondents to exclude petitioner from the eligible list. He had reached the age of 30 approximately six weeks prior to certification of the list, and thus, under respondents' regulations, he was not eligible for appointment. Although respondents violated Civil Service Law § 50 (4) in excluding petitioner from the list without giving him notice of the reason therefor, petitioner was not prejudiced by that technical violation of the statute. Petitioner does not dispute the fact that he was 30, and he did not require notice of that fact. Under these circumstances, the statutory notice would not change the result; petitioner would still be disqualified under respondents' regulations.

Respondents' age requirement for firefighters does not violate equal protection. Because firefighters must exert "extraordinary physical effort" in the performance of their jobs, a maximum age requirement is permissible (Civil Service Law § 54; cf., Matter of Figueroa v Bronstein, 38 NY2d 533, 535-536, appeal dismissed sub nom. Figueroa v Director, N. Y. City Dept. of Personnel, 429 US 806; Petrelli v New York City Personnel Dept., 158 AD2d 331; Knapp v Monroe County Civ. Serv. Commn., 77 AD2d 817, lv denied 51 NY2d 708, appeal dismissed 51 NY2d 877). Nor is it impermissible under the Constitution for respondents to establish the age of 30 as a maximum. An age limitation will survive constitutional scrutiny if it bears a rational relationship to a legitimate governmental purpose (Matter of Figueroa v Bronstein, supra). Drawing the line at age 30 is rationally related to the governmental interest in assuring the physical ability of an applicant to perform the duties of firefighter. Further, it is rational for the municipality to set the age limit so that the applicant will remain qualified for an extended period of service (see, Matter of Figueroa v Bronstein, supra, at 535). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.