■ IANCU LIEB, Appellant, v COUNTY OF WESTCHESTER et al., Respondents, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered July 6, 1989, which, upon a jury verdict, is in favor of the defendants the County of Westchester and Mount Kisco Bus Line, Inc., dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted to the plaintiff against the defendants the County of Westchester and Mount Kisco Bus Line, Inc., with costs to abide the event.

On the morning of August 2, 1985, the plaintiff was a passenger on a bus operated by the defendant Walter Huston, an employee of Mount Kisco Bus Line, Inc. It was a cloudy

day in Westchester County, and the roadways were wet from drizzle. As the bus, traveling at a rate of 50 to 60 miles per hour, negotiated a curve on Route 22 in the Town of North Castle, the driver suddenly lost control of his vehicle. The bus then skidded into the rear of an egg truck, which had stopped for a traffic light at the intersection of Route 22 and Route 120. The impact of the collision knocked the plaintiff to the ground, and he sustained various personal injuries. Kenneth Casablanca, the driver of the egg truck, was also flung from the cab of his vehicle by the impact.

Immediately after the collision, the bus driver requested the passengers to move to the back of the bus and wait for the police to arrive. He then exited the bus, and approached Casablanca to find out whether he had been injured. During the course of his conversation with Casablanca, the bus driver indicated that a brown car had "cut him off", causing the accident. Following the driver's conversation with Casablanca, police arrived at the scene and began talking to the bus passengers. At this point, the bus driver approached one of the passengers, Matthew Hart, and asked him whether he had seen a car cut him off. According to Hart, the bus driver then asked him to "back up" this claim, explaining "I've been in several accidents before and I'll lose my job".

The respondents asserted that the bus driver was free from negligence because an unidentified car had cut him off, forcing him to change lanes in an effort to avoid a collision. Since the bus driver died prior to the trial, the primary evidence offered in support of this defense was Casablanca's testimony at an examination before trial that the bus driver had told him that a brown car cut him off, which the court admitted into evidence, over objection, under the excited utterance exception to the hearsay rule. The court similarly permitted Hart to testify that the bus driver had told him that he had been cut off, but instructed the jury to disregard that portion of the bus driver's statement which indicated that he had been involved in previous accidents. At the conclusion of the trial, the jury returned a verdict in favor of the respondents, and this appeal ensued.

On appeal the plaintiff contends the Supreme Court erred in admitting the bus driver's hearsay statement that a brown car had cut him off. We agree. The rule prohibiting the admission of hearsay has been described as the "best known feature of Anglo-American law" *(People v Caviness,* 38 NY2d 227, 230; *People v Norton,* 164 AD2d 343). The rule prohibits the use of out of court statements when they are offered into evidence to

prove the truth of the matter asserted therein (Richardson, Evidence §§ 200, 201 [Prince 10th ed]), based on the rationale that the party against whom the statement is offered is deprived of the opportunity to confront the declarant and lay bare whatever weaknesses there may be in his story by inquiring into his veracity, the accuracy of his perception, and/or his ability to recall the past event correctly *(see, People v Norton, supra;* Richardson, Evidence § 201 [Prince 10th ed]).

One of the long recognized exceptions to the hearsay rule permits the admission of excited utterances, which are made under the stress of the moment without time for reflection or deliberation *(see, Deutsch v Horizon Leasing Corp.,* 145 AD2d 405; *Schiaroli v Village of Ellenville,* 111 AD2d 947, 948). Statements within this exception are generally made contemporaneously or immediately after a startling event which affected or was observed by the declarant, and relate to the event *(see, People v Nieves,* 67 NY2d 125; *People v Edwards,* 47 NY2d 493, 496-497). In determining the admissibility of a statement offered into evidence as an excited utterance, the trial court must ascertain, in the first instance, whether, at the time the utterance was made, "the declarant was [still] under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful" *(People v Brown,* 70 NY2d 513, 519; *People v Edwards, supra).* As the Court of Appeals has stressed, " 'the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection' " *(People v Brown, supra,* at 519; *People v Edwards, supra).*

Applying these principles at bar, we find that the respondents failed to meet their burden of establishing that the bus driver's hearsay explanation for the accident was admissible as an excited utterance *(see, People v Norton, supra; People v Nieves, supra).* Contrary to the defendants' contention, the fact that the bus driver's statement to Casablanca was made while the driver was still at the scene of the accident does not, standing alone, establish that the statement was made under the stress of excitement caused by the accident. In this regard, we note that those portions of Casablanca's prior testimony which were offered into evidence at the trial contain no indication of the bus driver's demeanor or emotional state at the time he offered Casablanca his explanation for the accident. Moreover, the defense's claim that the bus driver's statement was not the result of studied reflection is undercut

by Hart's testimony that the driver asked him to "back up" his explanation for the accident because he was concerned about the possible loss of his job. Under these circumstances, it was error for the Supreme Court to admit the bus driver's statement as an excited utterance, and, accordingly, we remit the matter for a new trial.

We have reviewed the plaintiff's remaining contentions, and find that they are without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.