■ GILBERT MUNOZ, Plaintiff, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent and Third-Party Plaintiff-Respondent. CITY-WIDE ASPHALT PAVING Co., INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [603 NYS2d 858] —Order, Supreme Court, New York County (Car-

men Beauchamp Ciparick, J.), entered on or about July 1, 1993, which denied third-party defendant's cross-motion for summary judgment, unanimously affirmed, without costs.

Unresolved questions concerning the specific surface and/or object which allegedly precipitated plaintiff's fall and injury, and whether third-party defendant could have caused or contributed to the alleged mishap, preclude a grant of summary judgment. That third-party defendant's paving work was deemed satisfactory by an inspector nine months prior to the accident does not eliminate the possibility that a latent defect may have caused the accident *(see, Sternbach v Cornell Univ.,* 162 AD2d 922). Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.