■ 1616 SECOND AVENUE RESTAURANT CORP., Respondent, v

STATE LIQUOR AUTHORITY, Appellant. [617 NYS2d 156] —Order, Supreme Court, New York County (Carol Huff, J.), entered June 9, 1993, which, in a proceeding pursuant to CPLR article 78 to annul respondent's determination suspending petitioner's liquor license, granted petitioner's motion for attorneys' fees pursuant to The Civil Rights Attorney's Fees Awards Act of 1976 (42 USC § 1988) and referred the issue of the amount of attorneys' fees to a Special Referee to hear and report with recommendations, unanimously affirmed, without costs.

Pursuant to 42 USC § 1988, a prevailing party is entitled to reasonable attorneys' fee in an action to redress a violation of Federal constitutional or statutory rights *(Maine v Thiboutot,* 448 US 1). "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation" *(Texas Teachers Assn. v Garland School Dist.,* 489 US 782, 791), and "ordinarily should recover reasonable fees 'unless special circumstances would render such an award unjust' " *(Matter of Johnson v Blum,* 58 NY2d 454, 458). "It is settled that attorney's fees may be awarded pursuant to section 1988 in a State court proceeding." *(Supra,* at 457, citing *Maine v Thiboutot, supra,* at 11.)* Here, petitioner prevailed on its claim that respondent's determination should be annulled on due process grounds *(Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158), and its right to recover attorneys' fees for having prevailed on this constitutional claim should not be affected by the circumstances that respondent adhered to its original determination in subsequent proceedings untainted by the due process violation *(see, Bagby v Beal,* 606 F2d 411). Concur—Sullivan, J. P., Carro, Nardelli, Williams and Tom, JJ.