OPINION OF THE COURT
George B. Ceresia, Jr., J.
On June 8, 1991 plaintiff took and passed an examination for the position of firefighter with the City of Troy, New York. The exam was intended for candidates under 35 years of age. The notice for the examination contained the following language:
"Minimum Qualifications: Candidates must meet the following requirements on or before the date of the written test:
"1. Age: Candidates must be not less than 19 years of age and must not have reached their 35th birthday by the date of the written test. Eligibility for appointment will terminate when an applicant reaches his/her 35th birthday. Candidates who lack one month or less of the minimum age shall be deemed eligible if otherwise qualified. Proof of age must be submitted (birth certificate).”
By letter dated May 31, 1994 from Alson J. Spain, Jr., Personnel Director for the City of Troy, plaintiff was advised that the City had been informed by the Troy Civil Service Commission (Commission) that plaintiff was qualified for employment as firefighter at a starting salary of $21,880.The letter inquired whether plaintiff was interested in the position. *328 Plaintiff responded, indicating that he was interested. By letter dated July 1, 1994, the then Troy City Manager, James Caplinger, offered plaintiff the position as firefighter, contingent upon his passing a physical exam and physical fitness test. Plaintiff signed and returned the letter, signifying his acceptance of the firefighter position. On July 15, 1994 Alson J. Spain, Jr. wrote to plaintiff indicating the following:
"You are hereby admitted to the Troy Firefighter’s physical fitness test on July 18, 1994, conditionally. The Troy Civil Service Commission has not approved a change in the regulation which currently prohibits the appointment of any candidate who has reached their thirty-fifth birthday.
"If the Commission does not change this regulation, you will not be eligible for an appointment to the Troy Fire Department, despite the fact that you may have passed all of the preemployment tests.
"We will inform you of the Commission’s action as soon as that information is available.” (Emphasis supplied.)
At the request of Mr. Spain, the Troy Civil Service Commission, at its July 7, 1994 meeting, considered the age restriction for the position of firefighter. On a two-to-one vote of the three commissioners it was determined that the age restriction should remain, since, the original notice of examination for the firefighters position had contained the restriction.
Plaintiff took and passed the physical exam and fitness test but apparently was not directed or permitted to report to duty as firefighter.
Plaintiff seeks judgment: declaring that plaintiff has been denied equal protection as guaranteed under the United States and New York State Constitution; declaring that plaintiff is entitled to the position of firefighter nunc pro tunc with full and complete seniority rights; for counsel fees of $10,000 pursuant to 42 USC § 1988 et seq.
Crucial to the question before the court are the relevant portions of Civil Service Law § 54. That section recites in part:
"Notwithstanding any provision of law to the contrary * * * neither the state civil service department * * * nor any municipal civil service commission shall prohibit, prevent, disqualify, or discriminate against, any person * * * by reason of his or her age; and any such rule, requirement, resolution, regulation or penalization shall be void. Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive *329 examinations for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law.”[1]
From the foregoing, it is clear that as a general proposition, the adoption by a municipality of age restrictions in connection with employment requirements is unlawful and void. The sole exception to this rule indicates that when dealing with the positions of policeman, firefighter or prison guard, reasonable requirements may be adopted for open competitive examinations (Civil Service Law § 54). Nothing is mentioned in Civil Service Law § 54 regarding imposition of age limitations related to appointment to these positions after the examination has been taken.
Under Civil Service Law § 50 (4) (a) a municipal civil service commission may refuse to examine an applicant who is found to lack any of the established requirements for admission to the examination. Similarly and under the same section, the municipal civil service commission may properly refuse to certify an applicant who was found to be ineligible for the position. The court also notes that there is a procedure by which the municipal civil service commission may, on notice to the applicant, revoke an applicant’s certification and appointment and direct that his employment be terminated (see, Civil Service Law § 50 [4]). There is no evidence before the court that petitioner’s certification and/or his eligibility for the firefighter position was ever revoked by the Commission pursuant to Civil Service Law § 50 (4).[2]
The court is mindful that summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue (Sternbach v Cornell Univ., 162 AD2d 922, 923 [3d Dept 1990]). The focus should be on is *330 sue identification rather than issue determination (Sternbach v Cornell Univ., supra). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562; Alvarez v Prospect Hosp., 68 NY2d 320, 324). Once such showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Zuckerman v City of New York, supra; Alvarez v Prospect Hosp., supra; see also, Wahila v Kerr, 204 AD2d 935, 936-937 [3d Dept 1994]).
In the court’s view plaintiff has established a prima facie case of age discrimination in violation of Civil Service Law § 54 by reason of the following facts: that plaintiff while under the age of 35 took and passed on June 8, 1991 the open competitive examination for the position of firefighter; that plaintiff’s name was on the eligible list for firefighters as a result of the examination taken on June 8, 1991; that plaintiff was offered the position of firefighter by City Manager James Caplinger on July 1, 1994, subject to a single contingency (passing the physical exam); that plaintiff accepted the offer for employment in a timely fashion and he passed the physical exam; that defendant then refused to employ plaintiff by reason of his age, to wit: plaintiff had attained 35 years of age, despite plaintiff’s acceptance of defendant’s offer of employment.
Defendant in its answer relies heavily upon the action taken at the July 7, 1994 meeting of the Troy Civil Service Commission in refusing to modify the age requirement. Defendant also relies upon advice apparently given by the New York State Department of Civil Service to Troy Civil Service Commissioner Paul Martterer that the Troy Civil Service Commission lacked authority to modify the age restriction applicable to the existing firefighter list.
The court finds that the age restriction contained in the notice of the open competitive examination for the position of firefighter, to the extent that it attempted to disqualify otherwise qualified candidates for the firefighter position who attained age 35 prior to the date of appointment, was void under the express wording of Civil Service Law § 54. While the City of Troy and the Troy Civil Service Commission had the authority to impose reasonable age restrictions in connection *331 with eligibility for taking the open competitive examination, they had no authority to impose other age restrictions.[3]
 Regarding plaintiffs constitutional argument, the Fourteenth Amendment of the Federal Constitution forbids States from denying to any person within their jurisdiction the equal protection of the laws, but does not prevent the States from making reasonable classifications among persons (Western & S. Life Ins. Co. v Board of Equalization, 451 US 648 [1981]). Since the situation at bar does not involve a suspect class or fundamental right, it would appear that the rational basis standard of review is appropriate to determine if the City’s action violated the Equal Protection Clause (see, Massachusetts Bd. of Retirement v Murgia, 427 US 307; Maresca v Cuomo, 64 NY2d 242, 250). In Gregory v Ashcroft (501 US 452) the United States Supreme Court held that the Missouri Constitution’s mandatory retirement provision, as applied to certain Judges, was not violative of the Equal Protection Clause of the United States Constitution, since Missouri had a rational basis for distinguishing between Judges age 70 and above and Judges younger than age 70. The court finds that defendants’ age requirement for firefighters is not violative of the Equal Protection Clause under the United States or New York State Constitution (see, Timerman v Bence, 176 AD2d 1220, 1221 [4th Dept 1991], supra; Matter of Figueroa v Bronstein, 38 NY2d 533 [1976]). The court also finds that the Federal Age Discrimination in Employment Act is not applicable to plaintiff, because it only applies to individuals who are at least 40 years of age (see, 29 USC § 631 [a]).
Since, therefore, plaintiff has not prevailed on its claim of violation of Federal constitutional or statutory right, he is not entitled to attorney’s fees under 42 USC § 1988 et seq. (cf., 1615 Second Ave. Rest. Corp. v State Liq. Auth., 207 AD2d 721 [1st Dept 1994]).
*332 Other than the request for seniority status and attorney’s fees no other incidental relief is requested in the motion papers.
Accordingly, it is ordered, adjudged, decreed and declared, that plaintiff have judgment determining, construing and declaring the legal rights of the parties as follows: (1) that plaintiff is entitled to the position of firefighter for the Fire Department of the City of Troy nunc pro tunc with full and complete seniority rights as if he had not been illegally and wrongfully denied this position; (2) that plaintiff has not been denied equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution or the New York State Constitution; (3) that plaintiff is not entitled to counsel fees pursuant to 42 USC § 1988 et seq.

. By amendment to Civil Service Law § 54 (L 1994, ch 278, § 1, eff July 6, 1994), the last sentence was replaced in part by the following: "Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions where it is determined by the department and approved by the commission that such age requirements would be reasonable minimum qualification for such position.”

. From the minutes of the July 7, 1994 meeting of the Troy Civil Service Commission it appears that the commissioners deliberated as to the general policy concerning the applicability of the 35-year age requirement to firefighters and the original notice of the firefighters examination. The minutes do not indicate that plaintiff’s situation was specifically discussed and it does not appear that he was specifically found to be ineligible or that he should be removed from the eligible list.

. The court, while mindful of the ruling in Timerman v Bence (176 AD2d 1220 [4th Dept 1991]), does not find it persuasive as to the instant matter. In Timerman, the Court was faced with the situation where the Municipal Civil Service Commission of Watertown had declared Timerman ineligible because of age and had excluded him from the eligible list. Timerman had passed the maximum age of 30 six weeks prior to certification of the list. It is not clear whether he had passed the maximum age prior to taking the examination. In any event, the Court did not specifically address the language of Civil Service Law § 54 which prohibits age discrimination except as to "adoption of reasonable minimum or maximum age requirements for open competitive examinations”.