■ SANTA RODNEY et al., Appellants, v TOWN OF BROOKHAVEN, Respondent. [644 NYS2d 321]

The plaintiffs Santa Rodney and her husband Ronald Rodney commenced this action sounding in negligence based upon an incident in which Mrs. Rodney fell from a swing at the playground at Shirley Beach in Shirley, New York. Mrs. Rodney contended that the lifeguard, Dina Ruisi, who helped her at the lifeguard station following the accident, made statements to the effect that the defendant Town was aware of the broken swing. The defendant made a motion in limine to preclude the introduction into evidence of the statements as hearsay. That motion was granted and, following a nonjury trial, the complaint was dismissed.

The plaintiffs contend that the statements attributed to Ruisi should have been admitted under the excited utterance or the present sense impression exceptions to the hearsay rule. We disagree.

Ruisi did not witness the fall from the swing and there was no showing that the alleged statements were made under the excitement of the situation *(see, Lieb v County of Westchester,* 176 AD2d 704, 706). Likewise, the alleged statements were not made contemporaneously with the observation and were not sufficiently corroborated by other evidence *(see, People v Brown,* 80 NY2d 729, 734). Thus, the alleged statements were also inadmissible under the present sense impression exception to the hearsay rule.

The plaintiffs' remaining contentions similarly lack merit. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.