■ THOMAS B. SCOLLIN et al., Appellants-Respondents, v THEATER FOR THE NEW CITY FOUNDATION, INC., Respondent-Appellant, and JGN CONSTRUCTION CORP., Respondent. [646 NYS2d 323] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 10, 1995, which denied defendant Theater for the New City Foundation, Inc.'s motion for summary judgment dismissing plaintiffs' cause of action under General Municipal Law § 205-a and granted defendant JGN Construction Corp.'s cross motion for summary judgment

dismissing the complaint against it, unanimously modified, on the law, to the extent of denying JGN's cross motion and reinstating plaintiffs' statutory claim against said defendant, and otherwise affirmed, without costs.

The motion court properly concluded that plaintiff firefighter's claim under General Municipal Law § 205-a was viable, inasmuch as the Industrial Code provision allegedly violated (12 NYCRR 23-1.7 [b] [1] [i]), requiring a "substantial cover fastened in place" over every hazardous opening into which a person may step or fall, was a sufficient predicate for liability under that section.

Contrary to defendants' contention, *Zanghi v Niagara Frontier Transp. Commn.* (85 NY2d 423) does not require that the safety provision allegedly violated, if not a fire preventive measure, relate to the structural integrity of the premises. In *Kenavan v City of New York* (70 NY2d 558, 566-567), the Court traced the origin of General Municipal Law § 205-a, showing that the statute in its initial form evinced a concern for trip hazards similar to the one encountered by plaintiff. There is no indication that the Court in *Zanghi* intended to depart from the approach of the original statute in this regard.

We agree with the motion court's rejection of defendants' argument that the relied-upon Industrial Code provision restates a common-law duty or merely delineates how the duty is to be fulfilled (*cf., St. Jacques v City of New York*, 215 AD2d 75, 81-82, *affd* 88 NY2d 920).

However, the motion court mistakenly found that there was no issue of fact with respect to the general contractor's control of the premises. The testimony of JGN's own superintendent, that he moved the plywood drain covering only to replace it as it had been, coupled with the fact that the owner was compelled to move its office to another floor during the renovation, was sufficient to warrant denial of JGN's cross motion.

We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Mazzarelli, JJ.