◼ PAUL G. MURPHY, Appellant, v OMER CONSTRUCTION Co., INC., et al., Respondents. [664 NYS2d 508] —Order unanimously reversed on the law without costs, motions denied and complaint reinstated. Memorandum: In August 1990 defendants City of Buffalo (City) and Omer Construction Co., Inc. (Omer), entered into a contract for the reconstruction of South Park Avenue, a four-lane road consisting of two northbound lanes and two southbound lanes. During construction it became necessary for Omer to redirect both lanes of northbound traffic

to the outside southbound lane and to direct all southbound traffic to the curbside southbound lane. To facilitate the new traffic pattern, Omer painted a double yellow line between the two southbound lanes. The construction was not completed by November 1990, requiring Omer to close the project for the winter and reopen the northbound lanes. On November 15, 1990, Omer painted over the double yellow line with black paint, reopened the northbound lane and painted a single yellow line between the outside northbound and southbound lanes. The blackening of the double yellow line and the new markings were to remain until March 25, 1991, when construction was scheduled to recommence.

On March 6, 1991, plaintiff was operating a motorcycle in the curbside southbound lane of South Park Avenue. In order to avoid cars parked on the road, plaintiff moved into the outside southbound lane. As plaintiff switched lanes, he observed a northbound automobile operated by defendant Gordon C. Gopsill, Jr., veer into his lane. Plaintiff applied his brakes and swerved, but was unable to avoid the ensuing collision and suffered serious injuries. Photographs taken shortly after the accident show the double yellow line between the two southbound lanes to be quite visible and no longer blackened out.

Plaintiff commenced this action against the City, Omer and Gopsill, alleging, *inter alia*, that the City and Omer were negligent in causing or permitting improper and inadequate lane markings to exist and that such negligence was a proximate cause of the accident. Thereafter, the City and Omer separately moved for summary judgment dismissing the complaint. Supreme Court granted both motions. We reverse.

The court did not err in excluding, as hearsay, statements made at the scene by Gopsill to the passenger in his automobile. The statements do not, as plaintiff contends, show Gopsill's state of mind but, rather, are intended to establish the truth of what was said; thus, they are not admissible (*see, People v Reynoso*, 73 NY2d 816, 819; *Matter of Bergstein v Board of Educ.*, 34 NY2d 318, 323-324; Prince, Richardson on Evidence § 8-106 [Farrell 11th ed]). Nor were the statements admissible as "present sense impressions"; plaintiff failed to establish the amount of time that elapsed between the accident and the making of the statements (*see, People v Brown*, 80 NY2d 729, 732; *Rodney v Town of Brookhaven*, 228 AD2d 486). Neither were the statements admissible as "excited utterances". By failing to establish the amount of time that elapsed between the accident and the making of the statements, plaintiff did not provide an

adequate foundation to permit the court to determine whether they qualified as excited utterances (*see, People v Brown*, 70 NY2d 513, 522; *Lieb v County of Westchester*, 176 AD2d 704, 706).

The court erred, however, in granting the motions for summary judgment. There are issues of fact whether Omer exercised reasonable care in performing its contractual obligations. It is impossible to determine from the record whether Omer used the blackening paint required by the contract plans and specifications or whether it properly applied the paint (*cf., Pioli v Town of Kirkwood*, 117 AD2d 954, 955, *lv denied* 68 NY2d 601). The fact that the paint was approved by the City's inspection agency does not insulate Omer from liability (*see, English v City of Albany*, 235 AD2d 977; *Munoz v Consolidated Edison Co.*, 198 AD2d 145; *Sternbach v Cornell Univ.*, 162 AD2d 922). Further, Omer presented no evidence to establish the longevity of the paint used to blacken the lane markings or its adequacy to withstand the severity of a Buffalo winter. The photographs of the road and the testimony of plaintiff's expert that the lane markings that had become visible during the winter created a dangerous condition raised an issue of fact whether the road was in a reasonably safe condition when the accident occurred.

Plaintiff also raised an issue of fact whether the accident was caused by Gopsill's confusion regarding the lane markings by submitting the sworn statements of the passenger in the Gopsill vehicle that, after switching to the outer southbound lane, Gopsill briefly continued to travel in a northbound direction before the accident occurred, as well as by the photographs depicting the confusing lane markings and the testimony of plaintiff's expert that the lane markings could create confusion for a driver. Plaintiff has therefore shown "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Ingersoll v Liberty Bank*, 278 NY 1, 7; *see, Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744). Thus, there are issues of fact regarding negligence and proximate cause (*see, Wolfe v County of Cattaraugus*, 239 AD2d 914).

In light of our determination, we do not address the remaining contention of plaintiff. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.