■ PATRICIA KEARNS et al., Appellants, v CITY OF NEW YORK et al., Defendants, and VACCA BROTHERS CONTRACTORS et al., Respondents. [694 NYS2d 359] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered April 21, 1998, which granted the motion of defendants Vacca Brothers Contractors and Charles Vacca for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On August 28, 1992, plaintiff Patricia Kearns tripped and fell on a defect in a sidewalk alleged to have been repaired by defendants Vacca Brothers Contractors and Charles Vacca. A note of issue was filed on or about October 21, 1996, but the parties continued to conduct discovery, taking depositions on February 10 and April 15, 1997. Supreme Court granted defendants' motion, returnable February 2, 1998, over plaintiffs' objection that it was untimely pursuant to CPLR 3212 (a), reasoning that depositions submitted in support of the motion "were conducted several months after the expiration of the statutory period."

CPLR 3212 (a) provides that a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." Where, as here, the filing of the note of

issue precedes the date the statute became effective (January 1, 1997), the motion must be filed within 120 days of the effective date (*Phoenix Garden Rest. v Chu*, 245 AD2d 164, 165; *see also, Almonte v Shara Assocs.*, 248 AD2d 288). Therefore, defendants had until May 1, 1997 to move for summary judgment and, in the absence of any application for leave to file a late motion, the motion is untimely. Even if we were to accept Supreme Court's reasoning and measure the statutory time period from the date of the completion of depositions (April 15, 1997), the time within which to move for summary judgment without leave expired in mid-August of that year.

Were we to reach the merits of this matter, we would find that issues of fact preclude the grant of summary judgment. Because the condition complained of may have been caused or created by the Vacca defendants in the first instance, summary judgment in favor of the contractor is not appropriate (*see, e.g., Otero v City of New York*, 213 AD2d 339, 339-340; *Munoz v Consolidated Edison Co.*, 198 AD2d 145). Finally, there remains the general question of "whether the defendant or the plaintiff acted reasonably under the circumstances" (*Andre v Pomeroy*, 35 NY2d 361, 364). Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.