■ SALVATORE BONGIOVANNI et al., Respondents, v KMO-361 REALTY ASSOCIATES et al., Appellants and Third-Party Plaintiffs-Appellants, et al., Defendants. GENERAL INDUSTRIAL SERVICE CORPORATION, Third-Party Defendant-Respondent. [702 NYS2d 263] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 2, 1999, as amended by order

entered August 2, 1999, which, in an action by a firefighter under General Municipal Law § 205-a for personal injuries sustained in a building undergoing renovation, denied defendants-appellants building owner's and general contractor's motion for summary judgment dismissing the complaint as against them, and granted third-party defendant demolition contractor's motion for summary judgment dismissing the third-party complaint, and order, same court and Justice, entered August 2, 1999, which, insofar as appealable, denied appellants' motion to renew, unanimously affirmed, without costs.

Appellants building owner and general contractor argue that the motion court's finding that third-party defendant used the freight elevators, not the stairways, to remove debris, and therefore could not have discarded the pipe over which plaintiff fell in a stairwell, necessarily requires a finding that appellants did not have notice of that pipe. This argument incorrectly assumes that the pipe in question could have been discarded only by third-party defendant, and overlooks the deposition testimony of appellants' key personnel that they were at the site almost daily during the time around the fire, overseeing conditions in the building, and of plaintiff's superior officer that there was a large amount of construction debris throughout the building, including the stairwell in which plaintiff was injured. Taken together, the testimony of these witnesses raises an issue of fact as to whether appellants had notice of debris in the stairwell that they neglected to clear in violation of 12 NYCRR 23-1.7 (e) (1) (*see, Lusenskas v Axelrod*, 183 AD2d 244, 248, *appeal dismissed* 81 NY2d 300). Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.