■ MICHAEL RABINOWITZ, Respondent, v CITY OF NEW YORK et al., Appellants. [730 NYS2d 454] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Friedman, J.), dated February 4, 2000, which, upon a jury verdict finding them 100% at fault in the happening of the accident and awarding the plaintiff damages in the principal sum of $2,094,678.80, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict or for judgment in their favor as a matter of law, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when he fell from a motor scooter he was operating after it hit an oily patch and/or a sandy substance in the appellants' parking lot.

To set aside a jury verdict on the ground that it is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). Applying this standard, there is no valid line of reasoning or permissible inference which could have led the jury to conclude that the defendants had knowledge of the alleged dangerous condition, either actual or constructive, or that they created the condition (*see, Mercer v City of New York,* 223 AD2d 688). Further, no evidence was adduced at trial that the condition was visible and apparent and had existed for a sufficient length of time prior to the accident to permit the defendants' employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836).

The Supreme Court also erred in denying that branch of the defendants' motion which was to dismiss the General Municipal Law § 205-e claims which were predicated upon Administrative Code of the City of New York §§ 16-118, 27-127, and 27-128. General Municipal Law § 205-e was enacted to afford police officers injured in the line of duty a statutory cause of action resulting from the negligent noncompliance with the "requirements of any [governmental] statute, ordinances, rules, orders and requirements" (*see, Galapo v City of New York,* 95

NY2d 568, 573). Administrative Code § 16-118 is a sanitation regulation, and is not a proper predicate for General Municipal Law § 205-e liability (*see, Galapo v City of New York, supra*). While Administrative Code §§ 27-127 and 27-128 are proper predicates for General Municipal Law § 205-e claims, those claims also fail because the plaintiff did not succeed in establishing that the defendants had actual or constructive notice of the hazardous condition (*see, Regina v Ogden Aviation Servs.*, 258 AD2d 574).

In light of our determination, it is unnecessary to address the defendants' remaining contentions. O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.