■ ANNETTE MONTALBANO et al., Appellants, v EDWARDS SUPER FOOD STORES, Respondent. [775 NYS2d 154]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau

County (DeMaro, J.), entered March 16, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly slipped and fell on water and pieces of lettuce in the produce aisle of the defendant's supermarket. The defendant established its entitlement to judgment as a matter of law by demonstrating that it did not create the condition on which the injured plaintiff slipped, nor did it have actual or constructive notice thereof (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' reliance on the store manager's statement indicating a prior awareness of the condition was inadmissible in the absence of proof of his authority to speak for his employer, the defendant (*see Loschiavo v Port Auth. of N.Y. & N.J.,* 58 NY2d 1040, 1041 [1983]; *Cohn v Mayfair Supermarkets,* 305 AD2d 528, 529 [2003]). Moreover, the plaintiffs failed to raise a triable issue of fact as to the presence of a recurring dangerous condition (*see Gloria v MGM Emerald Enters.,* 298 AD2d 355, 356 [2002]; *Halperin v Waldbaum's Supermarket,* 236 AD2d 514, 515 [1997]).

The plaintiffs' remaining contention that the condition was caused by the sprayers in the vegetable department is raised for the first time on appeal and is not properly before the Court (*see Russell v B&B Indus.,* 309 AD2d 914, 915 [2003]). Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.