■ STEVEN GOLDEN, Appellant, v BARASCH & McGARRY, P.C., et al., Respondents, et al., Defendant. [782 NYS2d 729]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 20, 2003, which granted defendants-respondents' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to establish that he would have prevailed on his underlying action but for respondents' alleged malpractice in failing to properly identify the vacant lot where he was injured during the course of his firefighting duties (*Pellegrino v File*, 291 AD2d 60 [2002], *lv denied* 98 NY2d 606 [2002]). The underlying action was deficient because plaintiff could not demonstrate violations of statutes, ordinances or rules pursuant to General Municipal Law § 205-a. None of the predicate statutes and regulations identified therein applied to the facts and circumstances of the underlying claim, which stemmed from plaintiff's stepping on a wooden pallet in a garbage-strewn vacant lot beneath the Queens side of the 59th Street Bridge. In particular, section 16-118 (2) of the Administrative Code of the City of New York, a sanitation provision that seeks to enlist public support in keeping sidewalks free of litter, was not a proper predicate for section 205-a liability (*see Rabinowitz v City of New York*, 286 AD2d 724 [2001], *lv denied* 98 NY2d 615 [2002]; *Shepherd v Werwaiss*, 947 F Supp 71, 77 [ED NY 1996]). Administrative Code §§ 17-144 and 17-145, pertaining to the Department of Health, were also inapplicable because a wooden pallet on a vacant lot does not meet the definition (§ 17-142) of being inherently "dangerous to human life or detrimental to health." Sections 26-127, 27-127 and 27-128 clearly apply to

---

buildings, rather than vacant lots. And the former 9 NYCRR part 1191 was a fire safety and prevention regulation. Concur— Mazzarelli, J.P., Saxe, Sullivan, Marlow and Gonzalez, JJ.