■ GLORIA BERZON, Respondent, v D'AGOSTINO SUPERMARKETS, INC., Appellant. [792 NYS2d 94]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered February 26, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly slipped and fell on muffin crumbs on the floor of the defendant's premises. The plaintiff alleged that after she fell, the defendant's deli manager told her that she saw two children eating muffins in the area. The deli manager did not state when she saw the children eating muffins and did not indicate whether she saw the children drop crumbs as they ate the muffins.

The defendant met its initial burden of demonstrating that it did not create the alleged dangerous condition and that it did not have notice of it (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Gordon v Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Pirillo v Longwood Assoc.,* 179 AD2d 744, 745 [1992]). In response, the plaintiff failed to submit evidence sufficient to a raise triable issue of fact. The plaintiff failed to establish that the deli manager had authority to speak for the defendant so as to bind the defendant that it had notice of the alleged hazardous condition (*see Loschiavo v Port Auth. of N.Y. & N.J.,* 58 NY2d 1040, 1041 [1983]; *Montalbano v Edwards*

*Super Food Stores,* 6 AD3d 587, 588 [2004]; *Cohn v Mayfair Supermarkets,* 305 AD2d 528, 529 [2003]; *Melendez v Melmarkets, Inc.,* 276 AD2d 535, 536; *George v Big V. Supermarkets,* 258 AD2d 438, 439 [1999]; *Williams v Waldbaums Supermarkets,* 236 AD2d 605, 606 [1997]; *Masotti v Waldbaums Supermarket,* 227 AD2d 532, 533 [1996]; *Gottlieb v Waldbaum's Supermarket,* 226 AD2d 344 [1996]). Moreover, the deli manager did not witness the fall, and there was no showing that the alleged statement was "made under the excitement of the situation" (*Rodney v Town of Brookhaven,* 228 AD2d 486 [1996]; *see Tyrrell v Wal-Mart Stores,* 97 NY2d 650 [2001]; *Lieb v County of Westchester,* 176 AD2d 704, 706 [1991]; *Sherman v Tamarack Lodge,* 146 AD2d 767 [1989]). Furthermore, the defendant's general awareness that food sometimes fell on the floor of the supermarket was insufficient to establish constructive notice of the particular condition which caused the plaintiff's fall (*see Halperin v Waldbaum's Supermarket,* 236 AD2d 514, 515 [1997]; *Kraemer v K-Mart Corp.,* 226 AD2d 590, 591 [1996]; *Snyder v Golub Corp.,* 199 AD2d 776 [1993]). Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.