■ JIM JONES et al., Respondents-Appellants, v ANNE FRIED et al., Respondents, SECO ENGINEERING & CONSTRUCTION, INC., Appellant-Respondent, et al., Defendant. [803 NYS2d 590]—

In an action to recover damages for personal injuries, etc., the defendant Seco Engineering & Construction, Inc., appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 4, 2002, as denied those branches of its cross motion which were for summary judgment dismissing the plaintiffs' claims based upon General Municipal Law §§ 205-e and 11-106, and dismissing all cross claims asserted against it based on those claims, and granted that branch of the motion of the defendants Anne Fried, Helen Itzkovitz, Irwin Resnick, and Rhoda Nahmanson, individually and doing business as Wolk Properties, Inc., and Wolk Properties, Inc., which was for summary judgment dismissing its cross claims insofar as asserted against them, and the plaintiffs cross-appeal from stated portions of the same order.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendants Anne Fried, Helen Itzkovitz, Irwin Resnick, and Rhoda Nahmanson, individually and doing business as Wolk Properties, Inc., and Wolk Proper-

ties, Inc., which was for summary judgment dismissing the cross claims of the defendant Seco Engineering & Construction, Inc., insofar as asserted against them is dismissed; and it is further,

Ordered that the plaintiffs' cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [c] [3]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the defendant Seco Engineering & Construction, Inc.

The appeal from so much of the order as granted that branch of the motion of the defendants Anne Fried, Helen Itzkovitz, Irwin Resnick, and Rhoda Nahmanson, individually and doing business as Wolk Properties, Inc., and Wolk Properties, Inc. (hereinafter the Wolk defendants), which was for summary judgment dismissing the cross claims of the defendant Seco Engineering & Construction, Inc. (hereinafter Seco), insofar as asserted against them must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in that action, inter alia, dismissing those cross claims (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]; Jones v Fried, 21 AD3d 1059 [2005] [decided herewith]).

The plaintiff Jim Jones, a New York City police officer, was injured when he slipped and fell on a stairway while responding to a call at an apartment building owned by the Wolk defendants. At the time of the accident, the defendant Seco Engineering & Construction, Inc. (hereinafter Seco), was engaged in performing renovation work in the building. The injured plaintiff alleges that the stairway where he fell was covered with dirt and dust created by the renovation work. The injured plaintiff and his wife subsequently commenced this action against Seco and the Wolk defendants to recover damages, inter alia, pursuant to General Municipal Law § 205-e and upon a theory of common-law negligence pursuant to General Obligations Law § 11-106.

Contrary to Seco's contention, the Supreme Court properly denied that branch of its motion which was to dismiss the plaintiffs' claim based upon General Municipal Law § 205-e. General Municipal Law § 205-e creates a statutory cause of action where a police officer is injured by another's failure "to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus." As a prerequisite to recovery

under this section, "a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (*Galapo v City of New York,* 95 NY2d 568, 574 [2000] [internal quotation marks omitted]; *Desmond v City of New York,* 88 NY2d 455, 464 [1996]). The statute is to be applied "expansively so as to favor recovery by police officers whenever possible" (*Williams v City of New York,* 2 NY3d 352, 364 [2004] [internal quotation marks omitted]; *see Gonzalez v Iocovello,* 93 NY2d 539, 548 [1999]). Here, the plaintiffs' allegation that Seco violated 12 NYCRR 23-1.7 (e) (2) and 23-2.1 (b) by failing to keep the subject stairway clear of construction debris provides a sufficient predicate for the imposition of liability under General Municipal Law § 205-e (*see Bongiovanni v KMO-361 Realty Assoc.,* 268 AD2d 365 [2000]; *Scollin v Theater for New City Found.,* 229 AD2d 355 [1996]). Moreover, the record discloses a triable issue of fact as to whether Seco violated these provisions by failing to keep the stairway free from "dirt and debris insofar as consistent with the work being performed."

The Supreme Court also properly denied that branch of Seco's motion which was to dismiss the plaintiffs' claim pursuant to General Obligations Law § 11-106, which permits police officers to assert a common-law cause of action for on-duty injuries caused by the negligence of any person or entity other than that police officer's employer or a coemployee. The evidentiary proof submitted in support of Seco's motion failed to demonstrate, as a matter of law, that it was free from negligence in the happening of the accident (*see Shelton v City of New York,* 256 AD2d 611 [1998]). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.