■ JIM JONES et al., Appellants, v ANNE FRIED et al., Respondents, SECO ENGINEERING & CONSTRUCTION, INC., Appellant, et al., Defendant. [803 NYS2d 593]—

In an action to recover damages for personal injuries, etc., the defendant Seco Engineering & Construction, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Schmidt, J.), entered July 9, 2003, as is in favor of the defendants Anne Fried, Helen Itzkovitz, Irwin Resnick, and Rhoda Nahmanson, individually and doing business as Wolk Properties, Inc., and Wolk Properties, Inc., dismissing its cross claims insofar as asserted against those defendants, and the plaintiffs separately appeal from so much of the same judgment as is in favor of the defendants Anne Fried, Helen Itzkovitz, Irwin Resnick, and Rhoda Nahmanson, individually and doing business as Wolk Properties, Inc., and Wolk Properties, Inc., dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof dismissing the cross claims of the defendant Seco Engineering & Construction, Inc., insofar as asserted against the respondents and (2) deleting the provision thereof dismissing the claims predicated upon General Municipal Law §§ 205-e and 11-106 insofar as asserted by the plaintiffs against the respondents; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the cross claims of the defendant Seco Engineering and Construction, Inc., and the plaintiffs' claims predicated upon General Municipal Law §§ 205-e and 11-106 are reinstated against the respondents.

On appeal, the defendant Seco Engineering and Construction, Inc. (hereinafter Seco), contends that the Supreme Court erred in dismissing its cross claims against the defendants Anne Fried, Helen Itzkovitz, Irwin Rosnick, and Rhoda Nahmanson, individually and doing business as Wolk Properties, Inc., and Wolk Properties, Inc. (hereinafter the Wolk defendants), who owned the building where the plaintiff police officer was injured. We agree. The deposition testimony of the Wolk defendants' managing agent, and of Seco's owner, was sufficient to raise a triable issue of fact as to whether the Wolk defendants had notice of an ongoing and recurring dangerous condition at the premises (*see Erikson v J.I.B. Realty Corp.,* 12 AD3d 344 [2004]; *Hirschman v City of New York,* 193 AD2d 581 [1993]; *Alvarez v Mendik Realty Plaza,* 176 AD2d 557 [1991]; *O'Grady v New*

*York City Hous. Auth.*, 259 AD2d 442 [1999]; *Weisenthal v Pickman*, 153 AD2d 849, 851 [1989]).

The Supreme Court also erred in dismissing the plaintiffs' General Municipal Law § 205-e claim insofar as asserted against the Wolk defendants. The plaintiffs' allegation that the Wolk defendants violated 12 NYCRR 23-1.7 (e) (2) and 23.2.1 (b) by failing to keep the stairway where the accident occurred clear of construction dirt and debris is a sufficient predicate to support a claim under General Municipal Law § 205-e (*see Jones v Fried*, 21 AD3d 1057 [2005] [decided herewith]; *Bongiovanni v KMO-361 Realty Assoc.*, 268 AD2d 365 [2000]; *Scollin v Theater for New City Found.*, 229 AD2d 355 [1996]), and a triable issue of fact exists as to whether the Wolk defendants had actual notice of a recurring dangerous condition which violated these provisions. The existence of a triable issue of fact as to whether the Wolk defendants had notice of a recurring dangerous condition also precluded dismissal of the plaintiffs' common-law negligence claim based upon General Obligations Law § 11-106.

However, the Supreme Court properly dismissed the plaintiffs' claims against the Wolk defendants to the extent that they allege violations of the Labor Law. The plaintiff police officer was not an "employee" or "employed" at the work site, and thus does not come within the class of persons "employed therein or lawfully frequenting the premises" who are entitled to the protection afforded by the "flat and unvarying duty" imposed by the Labor Law (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 575 [1990]; *Bennett v Fairchild Republic Charter*, 298 AD2d 418 [2002]).

The parties' remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.