■ CHARLES J. ROSABELLA et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [804 NYS2d 771]—

In an action, inter alia, to recover damages under General Municipal Law § 205-e, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), dated April 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Charles Rosabella, while a police officer in the Village of Port Chester, allegedly was injured when he fell down a staircase at the Port Chester railroad station during the pursuit of a robbery suspect. Rosabella and his wife commenced this action to recover damages under General Municipal Law § 205-e.

In order to prevail on their motion for summary judgment dismissing the complaint, the defendants were required to establish their entitlement to judgment as a matter of law by negating at least one essential element of the plaintiffs' claim (see *Crawford v McBride*, 303 AD2d 442 [2003]). The elements of a claim predicated on General Municipal Law § 205-e are a violation by the defendants of a relevant statute, ordinance, or regulation and a practical or reasonable connection between the violation and the injury of the police officer (see *Sconzo v EMO Trans*, 295 AD2d 493 [2002]). The defendants successfully negated the plaintiffs' claim of liability predicated upon a violation of ANSI standards, since those standards do not constitute statutes, ordinances, or regulations within the meaning of General Municipal Law § 205-e (see *Rabinowitz v City of New York*, 286 AD2d 724, 724-725 [2001]).

The defendants failed to demonstrate, however, that Rosabella's accident was not practically or reasonably connected to their failure, over an extended period of time, to maintain the staircase in compliance with former section 765.4 of subchapter B of the New York State Building Code (9 NYCRR), which is a statute, ordinance, or regulation within the meaning of General Municipal Law § 205-e and requires that a staircase landing be "level and true." Moreover, the defendants did not establish, as a matter of law, that the defendant Metropolitan Transportation Authority is not a proper party to the action. Accordingly,

the Supreme Court erred in granting the defendants' motion for summary judgment. Cozier, J.P., Ritter, Spolzino and Lifson, JJ., concur.