■ MICHAEL SANTO, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [813 NYS2d 662]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated February 10, 2005, which denied the branch of his motion which was for summary judgment on liability upon his cause of action pursuant to General Municipal Law § 205-e and, in effect, denied the branch of his motion which was to strike the answer of the defendant New York City Transit Authority.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to his second cause of action under

General Municipal Law § 205-e. Although the plaintiff met his initial burden of demonstrating entitlement to judgment under section 205-e predicated on a violation of Transportation Law § 96, which requires, inter alia, safe and adequate facilities (*see Farrington v City of New York*, 240 AD2d 697, 698 [1997]), in opposition to the motion, the defendant New York City Transit Authority (hereinafter the NYCTA) demonstrated the existence of triable issues of fact precluding summary judgment (*see Rosabella v Metropolitan Transp. Auth.*, 23 AD3d 365, 366 [2005]; *Fahey v Serota*, 23 AD3d 335, 336 [2005]; *Jones v Fried*, 21 AD3d 1059, 1061 [2005]; *Jones v Fried*, 21 AD3d 1057, 1059 [2005]; *Balsamo v City of New York*, 287 AD2d 22, 26 [2001]; *Rabinowitz v City of New York*, 286 AD2d 724, 725 [2001]; *cf. Campagna v Arleo*, 25 AD3d 528, 530 [2006]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.