In an action to recover damages for personal injuries, the defendants appeal (1) from a judgment of the Supreme Court, Kings County (Spodek, J.), entered June 8, 2011, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and a jury verdict on the issue of damages awarding the plaintiff the principal sum of $1,000,000, is in favor of the plaintiff and against them, and (2), as limited by their brief, from so much of an order of the same court dated November 30, 2011, as denied those branches of their motion pursuant to CFLR 4404 (a) which were to set aside *511 the jury verdict on the issue of liability and for judgment as a matter of law based on the plaintiff’s failure to establish a prima facie case, or to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial.
Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability only; and it is further,
Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
Ordered that the jury’s findings of fact on the issue of damages are affirmed; and it is further,
Ordered that one bill of costs is awarded to the appellants.
The plaintiff commenced this action to recover damages for the personal injuries she allegedly sustained as a result of a slip-and-fall accident that occurred in the vestibule area of ES. 132 (hereinafter the school) in Brooklyn on February 14, 2007, during a period of snowy and rainy weather. At trial, the plaintiff testified that while other parts of the vestibule area were covered with mats, the area where she fell was “slippery and wet,” and not covered by a mat. She further stated that after her accident, a security guard saw her on the floor, and exclaimed “oh my God, someone else fell.” Defense counsel objected to this testimony on the ground that it was inadmissible hearsay, and the Supreme Court overruled the objection.
The plaintiff also produced as a witness on her behalf an individual who identified himself as a “safety consultant . . . engaged in the full-time occupation of [preventing] accidents . . . in the work place.” Over objection, the expert testified, inter alia, regarding the “American National Standard” provision for “slip resistance on walking and working surfaces,” and concluded that the defendants had failed to comply with the applicable standards by not covering the entire vestibule entrance area with mats. The school’s custodial engineer, who testified on the defendants’ behalf, stated that the mats were properly placed on the floor, and that he had no notice of any dangerous condition in this area prior to the plaintiffs accident.
At the conclusion of the liability phase of the trial, the jury returned a verdict finding the defendants 100% at fault in the happening of the accident. The jury thereafter awarded damages in the principal sum of $1,000,000. On appeal, the defendants contend, inter alia, that the Supreme Court committed reversible error in allowing the plaintiff to give hearsay testimony as to the out-of-court statement of the security guard, and by *512 receiving into evidence the plaintiffs expert’s opinion that the school had an obligation to place mats on the floor area where the plaintiff fell. We agree.
Contrary to the plaintiff’s contention, the security guard’s statement did not qualify as a present sense impression or an excited utterance. The statement was not admissible as a present sense impression because it is clear that the statement was not made as the security guard perceived the happening of the accident, and there was no evidence that corroborated his statement (see Lee v City of New York, 40 AD3d 1048, 1049 [2007]; see also People v Vasquez, 88 NY2d 561, 574-575 [1996]). Regarding the excited utterance exception, the plaintiff was required to demonstrate that “at the time of the statement the declarant was under the stress of excitement caused by an external event sufficient to still [his] reflective faculties and had no opportunity for deliberation” (Tyrrell v Wal-Mart Stores, 97 NY2d 650, 652 [2001] ; see Laguesse v Storytown U.S.A., 296 AD2d 798, 799 [2002] ). Here, the plaintiff failed to meet that burden (see Berzon v D'Agostino Supermarkets, Inc., 15 AD3d 600, 601 [2005]; Rodney v Town of Brookhaven, 228 AD2d 486 [1996]). Therefore, it was error to admit the hearsay testimony concerning the out-of-court statement of the security guard.
The Supreme Court also erred in allowing the plaintiff’s expert to testify, in effect, that the defendants’ conduct regarding the placement of mats was negligent because it allegedly did not comply with regulations promulgated by the American National Standards Institute (hereinafter ANSI). “[ANSI] standards do not constitute statutes, ordinances, or regulations” (Rosabella v Metropolitan Transp. Auth., 23 AD3d 365, 366 [2005]; see Rabinowitz v City of New York, 286 AD2d 724, 724-725 [2001]). Although the court did not charge the jury regarding ANSI standards, by permitting such testimony, it allowed the jury to improperly speculate that the defendants’ conduct should be measured against a higher standard of care than is required under the common law (see Vasquez v County of Nassau, 91 AD3d 855 [2012]; Conrad v County of Westchester, 259 AD2d 724, 725 [1999]; see generally Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462 [2009]).
Accordingly, the defendants are entitled to a new trial on the issue of liability.
The defendants’ remaining contentions are without merit, or have been rendered academic in light of our determination. Mastro, J.E, Angiolillo, Sgroi and Miller, JJ., concur.